## A. H. BIRNBAUM, APPELLANT, VS. JULIUS SALOMON, APPELLEE.

1. A bill which alleges that complainant and defendant having been joint owners of a store house in which the complainant carried on a mercantile business and paid to defendant a stipulated rent for his half of the store house, complainant sold his undivided half of the property to defendant for $3,000, and executed a deed therefor and took a written lease thereof for six months immediately following the date of the deed of sale, and further alleging that he was induced to make the sale by the threats of defendant during their time of co-tenancy to eject him from the premises, and a *verbal promise* by the defendant at the time of the sale to lease to complainant the store house for three years from and after the expiration of the six months lease, there being no allegation of actual fraud, or that he had received less than the value of the property, does not set forth facts sufficient to justify a court of equity in setting aside the sale.

2. A verbal agreement to lease for one year, if it was to commence at a future day, is void under the statute of frauds.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion.

*Johnson & Hammond* for Appellant.

In our judgment complainant is entitled to have the contract rescinded and have his property restored, because the contract was obtained by fraud and deceit practiced upon complainant, by the defendant, in matters which were not only material but vital to complainant.

If the contract has been induced by false representations, or a transaction is in any way tainted by fraud, the transaction will even after conveyance and payment of purchase money be set aside if the nature of the case and the condition of the parties will admit of it. Kerr on Fraud, p. 333.

The condition of the parties under the present status of this case will admit of their being restored to their former position.

The fraud, which is the ground for relief against a contract, is fraud at the time of the execution of the contract. Chesterman vs. Gardner, 5 Johns. Ch., 29.

The ground for the relief sought here is the fraud practiced by Salomon at the time Birnbaum made the deed, to wit: the false promises and the agreement to execute the written lease; the presumption is that inasmuch as defendant did not execute the lease his intent was fraudulent at the time of making the agreement.

A man whose interest has been affected by misrepresentations, has an equity to be placed in the same situation as if the fact represented were true. Blair vs. Bromley, 2 Ph., 360; Kerr on Fraud, 334.

If the misrepresentation of facts would entitle a complainant to this relief, would not false promises and agreements, acting as inducements to complainant, equally entitle him to such relief? Is it more to misrepresent a fact

than to make a false promise ?   There is no difference between the nature of the confidence reposed in either case. The consequences may be as disastrous without equitable relief in the one case as in the other.

It is enough in order to entitle him to have a transaction set aside to show a fraudulent representation as to any part of that which induced him to enter into the contract which he seeks to rescind.   Kerr on Fraud, 334.

The general rule is where the whole contract is contaminated with fraud, and the parties can be placed in *statu quo*, the contract may be rescinded.   Caldwell vs. Caldwell, 1 J. J. Marsh., 53 ; Pintard vs. Martin, 1 Smede & Marsh., 126.

It is to be observed that complainant is not seeking to hold the premises in dispute under a verbal lease for three years, and therefore the statute of frauds does not enter into consideration, nor yet is he seeking to have the court compel defendant to execute the written lease verbally agreed upon at the time of the sale, though he might ask this at the hands of a court of equity, and authorities are not wanting to sustain this view where equities would be lost without such a remedy.   He conceives it to be his equitable right to have the deed cancelled and have his property restored.

Conceding complainant's right to the relief prayed for in his bill, should not the court have granted an injunction until the proof had come in and the cause had been tried.

Where bill of injunction is filed to prevent irreparable injury and the case, as it appears in the bill, is a proper one for the interference of the court, if any of the material facts are denied in the answer a court will not dissolve the injunction on a bill and answer alone but hold it over until proofs are taken on matters in dispute.   Purcell vs. Davis,

A. H. Birnbaum v. Julius Salomon—Opinion of Court.

8 Ired. Eq., 9 ; see also High on Injunc., sec. 1508, and authorities cited.

" If the continuation of the injunction, even admitting defendant's answer to be true, cannot prejudice or impair his rights, and on the other hand its dissolution might seriously impair the rights of complainant, the motion to dissolve on the coming in of the answer should not be allowed." New vs. Bame, 10 Paige, 502 ; McCorkle vs. Brem, 76 N. C., 407,

The granting of the injunction in this case cannot possibly impair defendant's rights, while its refusal might seriously injure those of complainant by putting it in defendant's power to dispose of the property in question, and leave complainant with suit that may be barren of results in the end. In our judgment the court should hold the property where it is until the facts are determined.

*D. F. Hammond* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court :

The appellant filed his bill against appellee in the Circuit Court of Orange county. The bill alleges that appellant and appellee were the joint owners of a store house and lot in the city of Orlando. That on the 28th day of October, A. D. 1885, Birnbaum sold his undivided half interest in said lot to appellee, Salomon, for three thousand dollars. That as a special inducement to sell his interest in the store house and lot Salomon agreed to rent the premises to Birnbaum from October 28th, 1885, until the 15th of April, 1886, at a monthly rental of $83.33 3-100, and that after the expiration of the term, to wit: from and after April 15th, 1886, that he would continue to rent the premises to Birnbaum from year to year for three years, and as long thereafter as they might agree, for the monthly rental of

one hundred dollars per month. That prior to the 28th day of October, 1885, there had been differences between orator and Salomon as joint owners of said property, and that Salomon had frequently threatened orator with interfering with his right of possession of the store house, although he was holding it under a rental contract with Salomon for his undivided half. That Salomon had frequently threatened to eject orator from the premises.

The bill shows that the lease from Salomon to Birnbaum from the 28th day of October, 1885, to April 15th, 1886, was formally reduced to writing and signed and sealed by both the parties. There was no writing of any kind as to the alleged agreement by Salomon to rent the premises to Birnbaum after the expiration of the written lease. The bill further alleges that Birnbaum had served a notice on Salomon demanding the possession of the premises. The bill prays that the deed of October 28th, 1885, from Birnbaum to Salomon of his one undivided half interest may be set aside and cancelled and orator declared to be one-half owner of the said premises, because of the failure of Salomon to comply with his contract, and also for an injunction to restrain Salomon, his agents, * * * from interfering with orator's possession of the premises or selling the same.

The judge granted a temporary injunction. The defendant, Salomon, answered the bill and denied that he had agreed to rent the store house to the appellant after the expiration of the written lease; that it was his intention in purchasing the interest of Birnbaum to carry on the business of merchandising in the store house himself, but told Birnbaum that if he concluded to rent it that he would give him the preference.

Upon a hearing of the cause on bill and answer the Chancellor dissolved the injunction.

From this interlocutory decree the appellant prosecutes his appeal.

There was no error in dissolving the injunction. There was no proof of the allegations of the bill as to agreement to lease after the expiration of the term of the written lease, either by affidavits or otherwise. The answer positively denied such an agreement, and the answer in such a state of proof must be taken as true. Aside from this it would seem improbable that the parties should have felt the necessity of entering into a formal written lease for the short term of six months immediately following the transaction, and left to an oral agreement the longer term of three years which was to commence at a future day.

As the decree of the Chancellor merely dissolves the injunction, and the main suit is still pending, we think it not improper to express our views of the case made by the bill.

Allowing the most liberal inferences from the facts set forth, we can perceive no equity in the bill. There is no allegation that the complainant sold his undivided half interest in the property for less than its full value. The verbal agreement made the 28th of October, 1885, that on the 15th of April, 1886, he would execute a lease from year to year for the three years, if proven, would be void under the statute of frauds. If it had been an agreement to lease for only one year, to commence at a future time, it would have been void for not being in writing. Crosswell vs. Crane, 7 Barbour, S. C., 191; Delano vs. Montague, 4 Cushing, 42; Wilson vs. Martin, 1 Denio, 602; Smith's L. C., vol. 1, 435.

Decree affirmed.