J. C. BRINKLEY and his wife, SUDIE BRINKLEY, *Appellants,* v. J. D. ARNOLD, *Appellee.*

Division A.

Opinion filed July 16, 1929.

*Hampton, Bull & Pencke,* for Appellants;

*James A. Henderson* and *E. P. Martin,* for Appellee.

ELLIS, J.—J. D. Arnold sought by bill in equity the cancellation of a deed made and executed by him to J. C. Brinkley conveying about ten acres of land in Hillsborough county. The prayer also asks for damages in the sum of Fifteen Hundred Dollars for rental of the premises and waste and for general relief.

The bill rests upon a state of facts alleged to be in substance as follows: Arnold owned the land in question and Brinkley negotiated with him for its purchase. Brinkley said he was the owner in fee simple of a tract of land in Arkansas containing about eighty acres, and would convey it to Arnold and pay to him a sum of money in addition thereto in exchange for the lot in question; that Brinkley's representations concerning his ownership of the land in Arkansas were false, fraudulent and made with the intention of deceiving Arnold. The bill does not allege that he was deceived by such representations but it does allege that he had reason to believe in Brinkley's honesty and did have confidence in his honesty and integrity and that acting upon the representations made by Brinkley as to his ownership of the Arkansas land made and executed to him a deed of conveyance to the land described in the bill and at the same time Brinkley executed and delivered to Arnold a deed of conveyance to the Arkansas tract. This transaction occurred about August 27, 1924.

The bill alleges that Arnold had no opportunity to inspect

the Arkansas land or to "check the records of the title to same," but that Brinkley proposed that if Arnold was not satisfied with the land after inspection of it "and that if the said lands were not satisfactory and were not as represented" to Arnold that Brinkley would "reconvey" Arnold's land to the latter and Arnold "might reconvey the defendant's lands in the State of Arkansas to the defendant."

The bill alleges no facts to show why the complainant considered that he was without opportunity to "inspect the land or to check the records for title to same"; nor is there any allegation that Brinkley represented to Arnold that the lands in Arkansas were of any particular kind or character or suitable for any particular purpose. The bill alleges that Brinkley "further represented unto your orator that after the conveyance was made your orator might go to the State of Arkansas and inspect said lands" which obviously could not have been one of the alleged "false and fraudulent representations," as Arnold did go to Arkansas about the 15th of October, 1924, to inspect the lands for which he had traded. Why his visit was not made before he traded rather than afterward is not explained by any allegation in the bill further than by inference or insinuation. It is alleged that he had confidence in Brinkley, believed in his honesty and that he "pretended to be in a hurry to close said transaction" and urged Arnold to close upon Brinkley's representations.

There is not a single clearly stated allegation of a material fact in the bill as a basis for a rescission of the contract which according to the bill was fully executed except the one which charged that the defendant Brinkley "was not the owner and never had been the owner of said eighty acres of land located in the State of Arkansas"; that the "defendant well knew he was not the owner of said eighty

acres of land and that said defendant made said representations to your orator with the intention of defrauding your orator and for the purpose of inducing your orator to convey your orator's land to him.''

The relief sought rests upon this single allegation of fraud, which is unsupported by any evidence of the slightest probative force.

It appears from the allegations of the bill that the land in Arkansas consisted of part only of the consideration for the deed sought to be cancelled. The complainant alleges that by reason of the failure of title in the defendant to the Arkansas land the consideration for complainant's deed ''has almost wholly failed.''

Equity will not order the cancellation of a deed for land because of failure of consideration. See Marks v. Baker, 20 Fla. 920; Birnbaum v. Solomon, 22 Fla. 610; Harkness v. Fraser, 12 Fla. 336; Harrington v. Rutherford, 38 Fla. 321, 21 So. R. 283.

Nor will it cancel a deed because of a failure to perform a promise which formed part of the consideration for the deed. A promise to do something in the future though made by one party as a representation to another to enter into a contract will not amount to a fraud in a legal sense. Harrington v. Rutherford, *supra.*

Those allegations in the bill therefore relating to an alleged failure of consideration and the breach of the defendant's promise to reconvey the land if the complainant should not be satisfied with the Arkansas land are of no value as a basis for the relief sought. If false representations as to the ownership of the Arkansas land by the defendant, made under such circumstances as to constitute fraud, are sufficient to sustain the bill notwithstanding that the land did not constitute the only consideration for the conveyance and the defendant is not alleged to be in-

solvent the bill may be considered as stating a case for relief, but it rests solely upon the allegation of fraud.

The evidence is not at all convincing that the allegation was well founded. The complainant himself testified that the defendant told him that his interest in the Arkansas land was a three-fourths interest and that he proposed to give that interest, a Ford truck, mowing machine, fifty bushels of corn, fifty bales of hay and one thousand dollars for the complainant's place and offered to pay half the complainant's expenses to Arkansas if he would go and inspect the land. When the trade was completed the defendant assumed the obligation of paying a mortgage for three hundred dollars upon the complainant's place. When the complainant went to Arkansas to inspect the land he seemed to have no difficulty in locating it, found defendant's son in possession, who "had a crop on it," and complainant could have gone into possession if he had desired. The ground for his assertion that the defendant did not own it was that the public records did not reveal the fact so he was informed.

We think that the evidence was insufficient to support the allegation of fraud without which there is no equity in the bill.

The decree is reversed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.