MAUD FRIERSON and MATTIE FRIERSON, *Appellants*, v. T.
LAWSON FRIERSON and WILLIE BELL FRIERSON, his wife,
*Appellees*.

149 So. 18.
Division B.
Opinion filed June 6, 1933.

BUFORD, J.—This was a suit in equity for rescission and cancellation of a deed to real estate and for an accounting for specific sums of money alleged to have been advanced by the complainants to the defendants.

It was alleged in the bill of complaint that the failure of consideration consisted in this, that the defendants had in consideration of the conveyance of the real estate promised and agreed to render certain service to the complainants, which service defendants had failed to render.

There was a demurrer to the bill of complaint, which was overruled but which should have been sustained, be-

cause it is settled law in this State and in other jurisdictions that equity will not order the cancellation of a deed for land because of failure of consideration. See Brinkley v. Arnold, 98 Fla. 166, 123 So. 569, and cases there cited. Also see Silver Springs R. R. Co. v. Van Ness, 45 Fla. 559, 34 Sou. 884.

The demurrer should have also been sustained as to that part of the bill of complaint praying for an accounting because the allegations of the bill are not sufficient to show any necessity for a resort to equity and do show upon the face thereof that the amounts claimed by the complainants are fixed and certain, and, therefore, were recoverable, if at all, in a suit at law.

The error in overruling the demurrer is cured, however, by the final decree from which the appeal is taken dismissing the bill of complaint.

It is contended by the appellants that if the bill of complaint and the proofs submitted thereunder show that the complainants were not entitled to relief in equity but that they might have an action at law, the court should have made an order transferring the cause to the law docket for disposition under the provisions of Section 75 of Chapter 14658, Acts of 1931.

This contention is well grounded. Section 75, *supra*, is like Federal Equity Rule No. 22. It has been repeatedly held that Federal Equity Rule No. 22, and the Federal Statutes to like effect, applied to cases instituted before the adoption of the rule or the enactment of the statutes.

In Collins v. Bradley, 227 Fed. 199, District Judge Sanborn (District Court W. Div. Wisconsin) said:

"REMEDY AT LAW.—Defendant has moved to dismiss on the ground that plaintiff has an adequate remedy at law. No such motion lies under equity rule 22 (198 Fed. XXIV, 115 C. C. A. XXIV), providing only for a transfer to the

law side. The rule is much broadened by Act March 3, 1915, c. 90, 38 Stat. 956, creating Section 274a of the Judicial Code. Under this legislation:

" 'Any party to the suit shall have the right, at any stage of the cause, to amend his pleadings so as to obviate the objection that his suit was not brought on the right side of the court.'

"The statute undoubtedly applies to this action, although passed after its commencement. The equity rule and the statute have swept away entirely any and all technical objections whatsoever. While the Constitution preserves the right to a jury trial in every action at law, the practice as to raising the objection is revolutionized. Defendant's motion to dismiss may be taken as a motion to transfer the case to the law side, if the remedy at law is adequate; so it is unnecessary to consider that question."

See also National Surety Co. v. U. S., etc., 228 Fed. 577, L. R. A. 1917a 336.

In the light of these opinions we hold that the provisions of Section 75, *supra,* are applicable to cases pending at the time the same became the law of this State.

Although the Statute of Limitations may have run when the transfer occurs, such fact is no bar to the transfer, nor does the transfer amount to the institution of a new suit in which the defendant may successfully plead the Statute of Limitations which had not run at the time of the institution of the suit in the court where it was first filed. Friedericksen v. Bernard, 62 Law Ed. 1075.

For the reasons stated, the decree appealed from should be reversed and the cause remanded for further proceedings not inconsistent herewith. It is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.

ELLIS and BROWN, J. J., dissent.

BROWN, J. (Dissenting).—I am inclined to think that this case is an exception to the general rule that equity will not order the cancellation of a deed for land because of failure to perform a promise which formed the consideration for the deed. It appears that the central question involved in this case was whether equity had jurisdiction to cancel a deed executed by the appellants to appellee Lawson Frierson and his wife, the consideration for which was an agreement on the part of Frierson, nephew of appellants, to care for them during their old age, and to cultivate, care for and furnish the fertilizer to fertilize the orange groves belonging to appellants, in return for which, in addition to the conveyance of the land, Frierson was to receive one-half the profits from the groves, which agreement, it is alleged, Frierson failed to carry out.

In the case of Hannah v. Culpepper (Ala.), 104 So. 751, it was said:

"It is now the settled rule in this State that conveyances of property by aged persons, in consideration of promised support and maintenance, are peculiar in their character and incidents; being contracts for the performance of personal services; and that equity will intervene to cancel such a conveyance, when the grantee fails or refuses to perform his obligation. Russell v. Carver, 208 Ala. 219, 94 So. 128; Ballenger v. Ballenger, 208 Ala. 147, 94 So. 127; Mooney v. Mooney, 208 Ala. 287, 94 So. 131."

I am inclined to think that this exception to the general rule is well founded and that it might well be adopted in this jurisdiction.