LENA BEATTY v. T. E. LUCAS, *et al.*

150 So. 239.
Division A.
Opinion Filed October 7, 1933.

*Campbell & McLean,* for Appellant.;

*John J. Twomey* and *S. S. Sandford,* for Appellees.

DAVIS, C. J.—The court below sustained a demurrer to a bill of complaint in equity brought by Lena Beatty, as complainant, against Lucas and others as defendants. Final decree dismissing the bill on the demurrer was entered and complainant appealed.

The facts upon which complainant relied for relief are substantially as follows: Mrs. Beatty sold certain land to

T. E. Lucas and R. W. Trice, taking a purchase-money mortgage for part of the purchase price. The mortgage being unpaid, an arrangement was entered into between mortgagors and the mortgagee, whereby it was agreed that if the mortgagors would reconvey the mortgaged land to Mrs. Beatty, the mortgage would be cancelled and satisfied, provided, however, that in addition to the reconveyance, that T. E. Lucas, one of the mortgagors, would cause to be conveyed to Mrs. Beatty, the mortgagee, a certain strip of land $7\frac{1}{2}$ feet in width adjoining the mortgaged property. The transaction was closed to the extent that a reconveyance was made and accepted, the mortgage was satisfied in consideration of it, and a deed of conveyance to the $7\frac{1}{2}$ foot strip was also made, executed and accepted by Mrs. Beatty.

But the conveyance of the $7\frac{1}{2}$ foot strip was made subject to certain mortgages thereon. These mortgages Mr. Lucas, in a letter accompanying the deed to the $7\frac{1}{2}$ foot strip, promised to "see" to the release of, without expense to Mrs. Beatty.

The mortgages were never released, so Mrs. Beatty filed her suit in chancery against all parties in interest under the mortgage satisfaction above referred to, seeking to have that satisfaction cancelled and the parties placed in *statu quo* with respect to the property the satisfied mortgage covered.

From the foregoing statement it will be seen that the proposition of law involved in the ruling sustaining the demurrer was, whether or not the failure of defendant Lucas, only one of the parties in interest, under the satisfaction, to comply with his undertaking to "see" that releases to the $7\frac{1}{2}$ foot strip were procured without expense to Mrs. Beatty, warrants a cancellation of the mortgage satisfaction as against all the parties in interest under it.

Our view is that the undertaking of Lucas was an inde-

pendent covenant, for the breach of which no right to rescission of the executed mortgage satisfaction can be maintained.

The authorities establish the rule that ordinarily a promise to do something in the future, though made by one party as a representation to induce another to enter into a contract, though the promise subsequently and without excuse be broken and unfulfilled, affords no ground for rescission as for fraud. Beach v. Williamson, 78 Fla. 611, 83 Sou. Rep. 860, 9 A. L. R. 1438. The same rule would apply to failure to perform an independent covenant or promise given as a part of the consideration for satisfying a mortgage, especially where the promise is made by and accepted from only one of the parties in interest under the satisfaction.

So the Chancellor properly sustained the demurrer and dismissed the bill, which ruling is therefore

Affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.