JOHN W. SAMPLE, et al., v. C. O. WARD, et al.

23 So. (2nd) 81                                    June Term
July 24, 1945                                      En Banc
Rehearing denied Sept. 13, 1945.

B. G. Langston, G. P. Garrett and M. H. Edwards, for appellants.

Mabry, Reaves, Carlton, Anderson & Fields and R. B. Huffaker, for appellees.

SEBRING, J.:

Martin V. B. Sample died on May 6, 1928, leaving a last will and testament dated July 14, 1917. Paragraph two of the will provided: "I will and bequeath unto my beloved wife, Dora S. Sample, all the property of which I may die seized and possessed, or in any way entitled to, of every kind, real, personal and mixed, for her own use, benefit and behoof forever." Paragraph three of the will provided: "It is my desire that if my wife, Dora S. Sample, survives me, that at her death all of the above described estate of which she is then possessed, together with accruments thereto, be divided share and share alike between my heirs and the heirs of my wife, Dora S. Sample, if living; if not living, then and in that event their children, if there be any, shall receive that portion which their parent . . . would have received had he or she been living at the time of the death of my wife, Dora S. Sample. My heirs are: Olive S. Ward (deceased), John W. Sample, Joseph R. Sample, Thomas E. Sample, Clarence L. Sample, and Charles B. Sample. The heirs of my wife, Dora S. Sample, are : Homer O. Schaaf, Phoebe Schaaf Bemis, and Ida Schaaf Thompson." By paragraph five of the will Dora S. Sample, the widow, was named as executrix to serve without bond and without having to account to any probate court.

After the death of Martin V. B. Sample, his will was duly admitted to probate and Dora S. Sample qualified as exe-

cutrix. Thereafter, on April 28, 1937, Dora S. Sample, individually and as executrix of the last will and testament of Martin V. B. Sample, deceased, filed her bill of complaint in the Circuit Court of Polk County under the declaratory judgment statute of the State to procure a judicial construction of the will; praying that the court decree whether by virtue of the terms of the will she had become the absolute owner of all property of which the testator died seized and possessed, or merely a life tenant, with remainder over to those persons named and designated in the will as "heirs" of Martin V. B. Sample and "heirs" of Dora S. Sample. .

At the time of the institution of this suit Clarence L. Sample, one of the "heirs," had died leaving one child, Harold Milton Sample; the living children of the person designated in the will as "Olive S. Ward, deceased" were J. H. Ward, May Gonella, Winnie Tatlow, Roy S. Ward and C. O. Ward. These persons, as well as the living persons designated in the will as "heirs" of Martin V. B. Sample and Dora S. Sample, were made parties defendant to the suit. Service by publication was attempted against certain of the defendants and decrees pro confesso were subsequently entered against them for failure to appear. The remaining defendants filed appearances in the suit but suffered decrees pro confesso for failure to plead. Thereupon the cause proceeded ex parte. In due course a final decree was entered in the suit in which the court found "that Dora S. Sample . . . is the sole and only devisee under the last will and testament of Martin V. B. Sample, deceased; that she . . . is the owner and holder of the fee simple title in and to all property which Martin V. B. Sample died seized and possessed or was entitled to at the time of his death of every kind, real, personal and mixed, freed from any claims of the heirs of Martin V. B. Sample and/or the heirs of Dora S. Sample." No appeal was ever taken from this decree and it stands unreversed and unmodified.

Dora S. Sample died intestate on February 24, 1944. Thereafter, on October 24, 1944, certain of the heirs of Martin V. B. Sample, deceased, brought the present equity suit against the heirs of Dora S. Sample, deceased, and some of

the heirs of the said Martin V. B. Sample, seeking partition of the real property of which Martin V. B. Sample died seized and possessed, and which, by the final decree in the will construction suit of April 28, 1937, was found to be the property of Dora S. Sample, in fee simple, by virtue of the terms of the last will and testament of her deceased husband, Martin V. B. Sample.

As a predicate for partition of the property, the bill of complaint seeks to set aside the final decree in the will construction suit of April 28, 1937, to the extent that it seeks to bind the "heirs" of Martin V. B. Sample, and Dora S. Sample, and the children of such heirs, on the grounds that (1) the suit was not maintainable under the declaratory judgment statute of the state because no "actual controversy" existed between the persons named in the will, and therefore the equity court was without jurisdiction to enter a binding decree against the parties; (2) the children of the living heirs of Martin V. B. Sample and Dora S. Sample were not made parties to the suit, hence the decree is not binding upon anyone, due to failure to bring in necessary parties; (3) because of fatal defects in the service by publication, the equity court failed to acquire jurisdiction over certain nonresident defendants who were necessary parties to the suit; consequently, the final decree is not binding upon any party to the suit. The bill of complaint prays, in effect, that the final decree in the will construction suit be set aside as void and of no effect; that the rights of the heirs of Martin V. B. Sample under the will be readjudicated; that the court decree that the last will and testament of Martin V. B. Sample vested in Dora S. Sample only a life estate, with contingent remainder to such of the heirs of Martin V. B. Sample and Dora S. Sample, or their issue, as were living at the time of the death of Dora S. Sample; and that thereupon the property of Martin V. B. Sample, deceased be partitioned among the contingent remaindermen as coparceners.

Motion to dismiss the bill of complaint was granted, and the plaintiffs in the suit have brought this appeal. In essence, the suit at bar is primarily one to impeach the final decree in the will construction suit, and unless the decree can be set

aside on the grounds enumerated, the plaintiffs below cannot prevail.

The declaratory judgment suit instituted by Dora S. Sample was brought under section 62.09 Florida Statutes, 1941, which provides that: "Any person or corporation claiming to be interested under a deed, will, contract in writing, or other instrument in writing, may apply, by bill in chancery to any court in this state having equity jurisdiction for the determination of any question of construction arising under the instrument and for a declaration of the rights of the person or corporation interested, whether or not further relief is or could be claimed, and such declaration shall have the force of a final decree in chancery . . . Under this section of the statute it is not necessary that there be an "actual controversy" before an equity court may take jurisdiction of a suit to construe a deed, will, contract in writing, or other instrument in writing, and declare the rights of persons interested thereunder. If the question raised in such suit is real and not theoretical, the person raising it has a bona fide interest under the writing, and there is a defender or defenders with a bona fide right to defend, the court in which the suit is brought will not be held in error in assuming jurisdiction and rendering a declaratory judgment, even though there be no "actual controversy." Sheldon v. Powell, 99 Fla. 782, 128 So. 258.

We think the language of the bill of complaint in the will construction suit plainly entitled the plaintiff to bring the suit under the statute. After setting out in the bill of complaint the pertinent provisions of the will, Dora S. Sample alleges "that she is informed and believes that said defendants [the heirs of Martin V. B. Sample and herself] do or will claim an interest in said estate as heirs of the said Martin V. B. Sample, deceased . . . [or herself], that . . . [she] is unable to determine the legality of said claim, if any be made; . . . that . . . as executrix and sole beneficiary under said last will and testament . . . [she] is unable to determine whether she is vested with a life estate in and to the assets of the estate of Martin V. B. Sample, or that portion thereof which would still be vested in her at the time of her death, or

whether she is vested with the fee title to do with as she sees fit, and in order to protect the plaintiff as executrix and sole beneficiary under said last will and testament of Martin V. B. Sample, deceased, from the various alleged claims or threatened claims of the several defendants herein, it is necessary that said last will and testament . . . be judicially construed and interpreted."

That the language of the will raised a real question for determination, and that Dora S. Sample had a bona fide interest in having the question settled for all time, there can be no doubt. A decree adjudicating the quantum of the estate derived by the widow from the will of her husband would settle the question of the use that she could make of the property and the legal responsibilities that attached to such use. If the widow owned only a life estate she was charged with limitations incident to such use. She was chargeable with waste, for example, if that was the extent of her interest. She became entitled only to rents, issues, and profits which the property would yield during her lifetime. She could not by alienating her interest in the property enlarge the life estate to a fee simple. Roberts v. Mosely, 100 Fla. 267, 129 So. 835; Mosgrove v. Mach, 133 Fla. 459, 182 So. 786. She could not make a testamentary disposition of the property, for at her death it would go to remaindermen. On the other hand, if she owned a fee simple absolute, the property was hers to do with as she pleased. She could execute timber deeds and oil leases; she could convey the fee simple title by deed; she had the power of testamentary disposition. If she died intestate, the property would pass to heirs under the law of descent and distribution. We think it clear that the suit was properly brought under the declaratory judgment statute, and that the right of the widow to have a judicial declaration of her rights could not have been defeated even had the objections now made in the pending suit been interposed directly in the will construction suit.

It is also urged on this appeal that because the children of the living heirs of Martin V. B. Sample and Dora S. Sample were not made parties to the will construction suit the final decree is not binding upon such persons as were made parties

to the suit. The argument is that because all necessary parties were not before the court in that suit the final decree is not binding upon the parties over whom the court did acquire jurisdiction. There is nothing to this contention. Though the final decree might not be binding upon persons not made parties to the suit, the fact that such persons were not brought into the case may not be raised collaterally by those who were before the court as parties. All parties plaintiff in the suit at bar were persons who were named as parties defendant in the will construction suit. Each such person had ample opportunity to defend in that suit had he chosen to do so. Consequently, the plaintiffs may not complain collaterally that persons who should have been parties in that suit were not brought in.

Finally, the validity of the final decree in the will construction suit is questioned because, as it is said, the proceedings by which the plaintiff attempted to acquire jurisdiction over certain of the named defendants by constructive service was defective. In this particular, the bill for partition alleges that "The affidavit on which the order for publication was issued addressed to said defendants is defective . . . in that it fails to give the age of the respective persons against whom process was sought by publication, or to state that their ages were unknown or to state if their ages are over or under 21." We do not understand how the fact of the existence of this defect or irregularity can avail the plaintiffs in the present partition suit. In the will construction suit process by publication was attempted against several of the persons designated in the will as "heirs" of Martin V. B. Sample and of Dora S. Sample. All of such persons filed appearances in the suit, except Thomas E. Sample, Charles B. Sample, C. O. Ward, Homer O. Schaaf and Phoebe Schaaf Bemis. As to these defendants, decrees pro confesso were entered in the suit for failure of such parties to plead. However, of these defendants in the suit only Charles B. Sample is a party plaintiff in the suit at bar, and has has not made it appear by his bill of complaint that he was in fact, under the age of 21 years at the time the will construction suit was instituted. Construing the pleading most strongly against

the pleader, the assumption is that Charles B. Sample was of legal age at the time of that suit. It follows, therefore, that he may not raise the point, for an adult party otherwise bound may not invoke the infancy of another party to the suit to set aside the decree as to himself. 43 C.J.S. p. 281, Infants Sec. 108. But assuming the plaintiff, Charles B. Sample, to have been an infant at the time the final decree in the will construction suit was rendered, despite his failure to make this fact appear in the bill of complaint, there is still another reason why he may not raise the issue in the present proceeding: Though statutes relating to constructive service should be meticulously followed, the equity court is not prevented from acquiring jurisdiction of an infant defendant merely by failure of the affidavit for constructive service to state the age of the defendant as being under 21 years, if the proceedings are otherwise regular. The prime purpose of the requirement of the statute, that the age of the defendant shall be stated, is to appraise the court of the fact that minors are involved in the litigation, so that a guardian ad litem may be appointed to represent their interests. But where the court has acquired jurisdiction of an infant defendant a decree rendered against him without appointment of a guardian ad litem to represent his interests, while erroneous and subject to be reversed or set aside by direct proceeding, is not absolutely void, but voidable, and may not be attacked collaterally. Polk v. Chase Nat. Co., 120 Fla. 243, 162 So. 521; McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 51 A.L.R. 731.

Some effort is made in the bill of complaint to have the declaratory judgment set aside on the ground that at the inception of the suit wherein it was rendered Dora S. Sample orally agreed with certain of the heirs of Martin V. B. Sample that if they would offer no defense to the suit she would execute a last will and testament whereby at her death they would be devised all of the real property of Martin V. B. Sample of which she should die seized and possessed. It is asserted in the bill that Dora S. Sample never executed the will but died intestate. We think the allegations of the bill are not sufficient to warrant the relief sought. The decisions are to the effect that an oral promise to do something in the

future, though made by one party as a representation to induce another to enter into a contract is not fraud in a legal sense. Harrington v. Rutherford, 38 Fla. 321; 21 So. 283; Brinkley v. Arnold, 98 Fla. 166, 123 So. 569; Beatty v. Lucas, 112 Fla. 265, 150 So. 239. The same rule would apply, we think, to an oral promise to execute a last will and testament devising real property, to become operative at the death of the testator, such promise being unenforceable under the statute of frauds. Mills v. Joiner, 20 Fla. 479; Miller v. Carr, 137 Fla. 114, 188 So. 103.

Much time is spent in the briefs on the question whether the last will and testament of Martin V. B. Sample, deceased, devised a life estate in the property of the testator to Dora S. Sample with contingent remainder to the heirs, or whether the devise was of the fee simple title. However, the conclusions we have reached concerning the binding effect of the will construction suit upon the plaintiffs in the case at the bar make a consideration of this question unnecessary.

The decree appealed from is affirmed.

It is so ordered.

TERRELL, BROWN, BUFORD, THOMAS and ADAMS, JJ., concur.

CHAPMAN, C. J., dissents.