## KATZ v. FINE.
No. 61 C 816.

Circuit Court, Dade County.
February 24, 1961.

Hyman Fischbach, Miami, for plaintiff.

J. M. Flowers, Miami, for defendant.

PHILLIP GOLDMAN, Circuit Judge.

This cause came on to be heard on the defendant's motion to dismiss, the substance of which is that the complaint fails to state a cause of action for an accounting in equity.

The court has heard arguments of, and examined briefs submitted by, counsel for the parties.

The law seems clear that — "Equity will not entertain a complaint for an accounting which shows on its face that the amounts claimed are fixed and certain and, therefore, are recoverable, if at all, in an action at law. In this situation the court should transfer the cause to the law side of the court." 1 Fla. Jur., Accounts and Accounting, § 14, p. 89; Frierson v. Frierson, 110 Fla. 416, 149 So. 18; F.R.C.P. 1.39(a). See also Adjmi v. Pankonin, Fla. App. 3d, 126 So. 2d 153, and authorities therein collected.

It is accordingly ordered — (1) Pursuant to the rule above noted, the clerk is hereby directed to transfer this cause to the law side and the clerk shall so docket the cause as required by the rule. (2) The case shall proceed as though originally instituted on the proper side of the court. F.R.C.P. 1.39(a).