### GREER v. CONTINENTAL ENTERPRISES, Inc.

No. 60-365-L.

Circuit Court, Duval County.

March 6, 1961.

Luke G. Galant of Dawson & Galant, Jacksonville, for plaintiff.

Mark Hulsey, Jr. of Glickstein, Crenshaw, Glickstein & Hulsey, Jacksonville, for defendant.

ROGER J. WAYBRIGHT, Circuit Judge.

After due notice, a hearing was held on the defendant's motions, including its motion to dismiss, addressed to the amended complaint.

At the hearing, reference was made to the fact that under 1954 Florida rule of civil procedure 1.8 (d) a defense based on the statute of frauds should be pleaded as an affirmative defense, rather than raised by a motion to dismiss a complaint. The plaintiff requested that this procedural facet be ignored, and that the court consider the matter as if a defense bottomed on the statute of frauds can properly be raised by such a motion. The court will, therefore, do so.

In essence, the plaintiff asserts in his amended complaint that the defendant wrote to him a letter offering to lease to him a certain storeroom for one year, the one-year term of the lease to begin after certain repairs and installations were made, within one year; that he accepted the offer by telephone; but that now the defendant declines to make the lease, as a result of which he has suffered certain damages.

It is immediately apparent that if the letter the defendant wrote to the plaintiff offering to lease the storeroom is not sufficient as a "note or memorandum . . . in writing", the plaintiff is seeking to enforce an "agreement that is not to be performed within the space of one year from the making thereof", contrary to the statute of frauds, Florida Statutes § 725.01. So it was long ago said in Birnbaum v. Salomon, 22 Fla. 610, 615 (S. C. Fla., 1886).

The plaintiff protests that the holding in that case is dictum, obsolete, and contrary to the weight of authority in other jurisdictions where it is held that if the one-year lease is to be executed within a year and the lease to be executed is to be for a term of one year or less, the statute of frauds is not violated. Tempted as this court occasionally is to do so, this court is not empowered to overrule the decisions of the Supreme Court, and if the pertinent phrase in Birnbaum v. Salomon is dictum, it has stood as Florida law for so long that only an appellate court should now cast it aside.

The letter written to the plaintiff by the defendant corporation, offering to lease the storeroom, is not sufficient as a "note or memorandum . . . in writing" under the statute of frauds. As stated by a former justice of the Supreme Court of this state in Minsky's Follies of Florida v. Sennes, 206 F. 2d 1 (C. A. 5), to be

sufficient the letter would have to "disclose all the terms of the contract. It cannot rest partly in writing and partly in parol." The letter relied on by the plaintiff, a copy of which is attached to the amended complaint, does not disclose — among other things —what "options for renewal" were to be inserted in the proposed lease, when the one-year term was to begin, what repairs and installations were to be made by the defendant corporation (see §9 of the amended complaint), what provisions were to be inserted in the lease, or even the city in which the storeroom at "501 Davis Street" is located. Much would have to be added to the letter by parol, before it could be said to disclose all of the terms of the contract. And there could be infinite disagreement between the parties about the matters so added, because they are not stated in writing — the very disagreement the statute of frauds is designed to prevent.

Consequently, the amended complaint must be dismissed, because to enforce the alleged agreement would be to violate the statute of frauds.

The plaintiff stated to the court that if his amended complaint should be dismissed on the ground of the statute of frauds, he could not improve his position by further amendment.

It is, therefore, ordered that the defendant's motion to dismiss the amended complaint is granted. The plaintiff declining to amend further, it is adjudged that final judgment is hereby entered herein for the defendant, Continental Enterprises, Inc., a corporation, and against the plaintiff, W. L. Greer. The plaintiff shall take nothing by this suit; the defendant shall go hence without day.