STURGIS, Judge.
The defendants in equity seek reversal of that part of the “Final Decree” holding that plaintiffs are entitled to recover damages against the defendants in “such sums as shall be adjudicated in proceedings in this cause on the law side of this Court,” and transferring the cause to the law side for that purpose.
The complaint seeks (1) rescission of plaintiffs’ contract for the purchase from defendants of certain real property on which a dwelling house had been erected by defendants for the purpose of sale, (2) cancellation of the deed issued in the premises, (3) refund of the purchase money paid by plaintiffs to defendants under the contract, *880 and (4) recoupment of the cost of certain permanent improvements allegedly placed on the property by plaintiffs.
The decree appealed holds, as a matter of law, that defendants are liable to plaintiffs for damages resulting from the existence of pipe clay under or around parts of the foundation of the dwelling house located on the property at time of purchase, the presence of which was known to defendants but not disclosed to plaintiffs, and that the amount of such damages is an issue yet to be determined. It recites, however, that several elements of the action made it difficult to restore the parties to their former position, that there was not sufficient evidence from which plaintiffs’ claims could be reasonably and safely assessed, and that remedy at law was the proper procedure to render justice to the parties. On that premise, it denied rescission of the contract, decreed that plaintiffs recover from the defendants “such sums as shall be adjudicated in proceedings in this cause on the law side of this Court,” and transferred the cause to the law side with directions to the clerk to docket the same for trial. The decree required that pre-trial proceedings be had to mature the cause for trial of the issue of damages to be awarded to the plaintiffs against the defendants.
Tire issue before this court is whether the trial court, sitting in equity, had the power after denying rescission of the contract and cancellation of the deed, which constituted the only equitable relief available under the complaint, (a) to transfer the cause to the law side for the purpose of making up issues triable only in a court of law, and (b), assuming such power existed, whether it had the further power to determine the issue of liability in favor of plaintiffs and thereupon to restrict the scope of the proceedings at law to an adjudication of the amount of damages to be assessed against defendants.
Plaintiffs’ brief states that the so-called “Final Decree” is mislabeled in that it does not dispose of all the issues, and on that premise suggests that this is an interlocutory appeal. We do not agree with that proposition. A careful review of the record discloses that the equity court has finally concluded its labors and the decree relegates the plaintiffs to the law side of the court for such relief as may be available to them. The decree appealed recites: “ * * * there is no basis for further relief on the chancery side of this Court * *
In Frierson v. Frierson, 110 Fla. 416, 149 So. 18 (1933), the Florida Supreme Court held that the chancellor erred in overruling the demurrer to a complaint praying (1) for rescission and cancellation of a deed to real estate on the ground of failure of consideration, and (2) for an accounting of specific sums of money alleged to have been advanced by the plaintiffs to the defendants; but further held that the error was immaterial because the trial court thereafter finally dismissed the cause on the merits. However, that holding was not determinative of the appeal because the appellants, relying on section 75 of chapter 14658, Acts 1931, governing the transfer to the law side of the court of suits improvidently brought" in equity, contended that assuming they were not entitled to relief in equity, their complaint and the proofs submitted thereunder show that they “might have an action at law,” and that under such circumstances the court should have made an order transferring the case to the law side for docketing and disposition. The Supreme Court held that this contention was well grounded, reversed the final decree, and remanded the cause for further proceedings consistent therewith. In so holding, the court equated section 75 of chapter 14658, Acts 1931, with then existing federal equity rule 22 (28 U.S.C.A. § 723) as broadened by Act March 3, 1915, c. 90, 38 Stat. 956, creating section 274a of the Judicial Code, which provided:
“Any party to the suit shall have the right, at any stage of the cause, to amend his pleadings so as to obviate the objection that his suit was not brought on the right side of the court.” (Emphasis added.)
*881 Said section 75 of chapter 14658, Acts 1931, which was in effect when Frierson was decided, provided as follows:
“If at any time it appears that a suit commenced in equity should have been brought as an action at law, it shall be forthwith transferred to the law court of competent jurisdiction and be there proceeded with, with only such alteration in the pleadings as shall be essential. In such cases an order shall be made by the court for the transfer of the cause and the transmission of all papers filed therein to the proper law court, and thereupon the originals of such papers shall be so transmitted and filed, together with a certified copy of the order; provided, however, that when the transfer is to the law side of the same court it shall be effected by the order of transfer.”
We pause here to note that the statute is now superseded by broader rule 1.39(a), Florida Rules of Civil Procedure, 30 F.S.A., which provides:
“(a) Transfers of Actions. If at any time it appears that an action has been commenced either in equity or at law when it should have been brought on the opposite side of the court it shall be forthwith transferred to the proper side and proceeded with without interruption. In such case the court, without notice, may enter an order noting that the case was brought on the wrong side of the court and further ordering the clerk to docket the case on the proper side. The case shall proceed thereafter as though it were originally instituted on the proper side of the court and no further amendments shall be necessary to change phraseology in the pleadings so far as this error is concerned. The case shall proceed as though originally instituted on the proper side of the court.”
This rule was adopted subsequent to the decision in Frierson and prior to the decision of this court in Miller v. Rolfe, 97 So. 2d 132 (Fla.App.1957), where the plaintiff seller, after filing a suit for specific performance of a purchase agreement, sold the property to a third person, thus precluding relief in equity. Adhering to the rule in Frierson, we held that the plaintiff was nevertheless entitled to have the cause transferred to the law side of the court for the purpose of making up and adjudicating an issue of law upon the question of the alleged breach of contract and damages resulting therefrom, and we said that absent a waiver he could not be deprived of that right. We further held that the chancellor, of his own motion or on motion of either party, should have entered an order transferring the cause to the law side for jury trial.
The rule in the Frierson and Miller cases applies with equal force to the case on review. Here the chancellor, in the exercise of a sound judicial discretion, might have granted rescission of the contract in suit and given such further relief as necessary to settle the equities. Upon determining that such procedure was not practical, he was obliged to transfer the cause to the law side of the court for adjudication of the issues at law clearly remaining to be settled. Stated generally, such transfer is proper when the complaint filed on one side of the court states a cause of action that is triable only on the opposite side of the court, o.r when, as in this case, and as in Miller v. Rolfe, supra, because of some intervening factor the court in which the cause is pending becomes powerless to grant the relief sought or cannot provide adequate relief. In either event the pleadings in the cause before the court ordering the transfer must reflect, as in this case, the existence of a claim of right for which, if duly pleaded and established, relief is available in the proper forum.
We are not unmindful of the question as to whether plaintiffs, having sued in equity for rescission of the purchase agreement, are prohibited under the election of remedies doctrine from recov *882 ering damages on the theory of breach of warranty, or of fraud or deceit in the premises. They cannot, of course, pursue to a final conclusion both the remedy in equity and that at law, there being a patent inconsistency between a suit in equity to rescind and cancel a contract fo.r fraud or other cause and an action at law to recover damages for breach thereof. Thus when a party takes legal steps to enforce a contract, he relies upon its provisions as a basis for recovery and it is generally held that he thereby makes a conclusive election not to rescind. By the same token, it is the general rule that the choice of the equity remedy by way of rescission and cancellation operates as an election of remedies and bars a subsequent action at law for damages. These rules, however, are subject to the exception that in order to constitute a bar the remedy elected must be an appropriate and effectual one; and where, as in the case on review, an effort to rescind is unavailing only because of factors which make it impractical for the court of equity to enter a decree equitably and efficiently settling the rights of all parties who would be affected by rescission, equitable principles dictate that under such circumstances the aggrieved party may .resort to available legal remedies. Fuller v. Fried, 57 N.D. 824, 224 N.W. 668; Carson v. Greeley, 107 Neb. 609, 187 N.W. 47. Cf. Schenck v. State Line Teleph. Co., 238 N.Y. 308, 144 N.E. 592, 35 A.L.R. 1149.
The mere bringing of a suit in equity to obtain rescission of a sales agreement as having been induced by fraud or to secure the return of property or money as due because of an alleged rescission, is not an act which necessarily precludes the plaintiff from later suing for other relief inconsistent with rescission. Where the suit to rescind is dismissed because under the circumstances .rescission is not available, or is inadequate or useless, as in this case, or is dismissed because there is a failure of proof or because the court is without jurisdiction, and where as in this case the plaintiff has obtained no advantage and defendant has suffered no disadvantage from the suit in equity, plaintiff is not precluded from maintaining a subsequent action for damages for fraud or other action consistent with the affirmance of the contract. Williams v. Robineau (1936), 124 Fla. 422, 168 So. 644. The trial court having found that relief by rescission was inadequate, it was not error to transfer the cause to the law side for the purpose of making up and trying such issues as might be developed by the pleadings there.
It is obvious that the construction given to .rule 1.39(a), F.R.C.P., has removed the procedural difficulties and penalties formerly attending the improvident filing of an action on the wrong side of the court; and has removed also the harsh result sometimes attending those situations where in the course of suit there was a development which deprived a claimant of the right to relief or adequate .relief in the forum where the cause was pending but did not destroy the basic cause of action or right to full relief if pursued in an appropriate forum. Under the common-law rules of procedure, the claimant was obliged to commence his action anew, which .resulted in duplication of expense and, in many instances, in the action being barred by the .running of a statute of limitation in the interval between the filing of the first suit and the commencement of the latter.
By judicial construction rule 1.39(a), F.R.C.P., has for all practical purposes become the equivalent of rule 2, Federal Rules of Civil Procedure, which eliminates all distinction for purposes of pleading between suits at law and in equity. The Florida case law having taken all steps necessary to equate our rule with the federal rule, the procedural requirement that the action be filed on either the law or equity side of the court is no more than an exercise in semantics, and produces an archaic, nebulous and awkward appendage to our comparatively modern rules of pleading.
When the court denied equitable relief it lost jurisdiction of the cause and was powerless to grant any relief or to settle *883 any issue properly belonging to the law side of the court except to transfer it under the .rule. We find no precedent or basis for the action of the chancellor in resolving the issue of liability in this case, that being a matter to be settled according to legal principles on the law side of the court.
That part of the decree appealed which purports to fix the liability of the defendants on the issue to be tried on the law side of the court is held to be of no force or effect. The decree is otherwise affirmed and this cause is .remanded for further proceedings consistent herewith.
CARROLL, DONALD K., C. J., and RAWLS, L, concur.