## M. R. MARKS, APPELLANT, VS. ELIZABETH R. AND MARY G. BAKER, APPELLEES.

1. A deed of land will not be annuled because of the failure to pay all of the purchase money. A remedy in equity may be to subject the land as for an equitable lien for the unpaid balance.

2. In a suit upon a contract made with a party since deceased, his legal representatives are necessary parties.

3. When a decree *pro confesso*, regularly entered, has become absolute, the complainant is entitled to such relief as may be had upon the facts stated in his bill, and the decree *pro confesso* should not be set aside upon mere motion ; but if the bill shows no ground for relief and the court sets aside the decree *pro confesso*, complainant cannot, on appeal, reverse the order setting it aside, as he has no equities, but his bill should be dismissed without prejudice.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion.

*D. F. Hammond* for Appellant.

*W. R. Anno* and *Alex. St.-Clair Abrams* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court.

Marks, in April, 1882, filed his bill against the respondents as executresses of the last will and testament of Bolling Baker, deceased, and as heirs at law of said deceased.

It is alleged that he entered into an agreement with Baker whereby in consideration of certain services to be performed by Baker as an attorney at law he paid him $120 in money and gave him his note for $100, and conveyed to Baker's daughters, who are the executresses under Baker's will, ten acres of land, the consideration being expressed in the deed at $500 ; that Baker performed a part of the services under the said agreement, and died, leaving a large

part of the services which he had undertaken under the agreement unperformed, and defendants as his representatives have not provided for the completion of the legal services; that they hold the note of $100 and insist on its payment, and hold the title to said land. He prays an injunction to restrain them from selling the land, and a decree that an account be taken of the value of the services rendered under the agreement by Baker, and whatever sum is due on such account from complainant be made a charge upon the land, and that on payment of the amount the deed of the land be annulled, because of the failure in part of the consideration as stated, and for such other relief &c., as may be had.

The subpœna was returnable on rule day, May 1, 1882. On April 15, 1882, complainant amended his bill by striking out the words charging defendants as executresses, and striking out the words " executrix " and " heirs" wherever they occur, "and also all words, sentences and phrases showing any right withheld or actions performed as heirs or representatives of said estate," and inserting in lieu thereof " defendants in their own right." A further amendment charges that at the time of the agreement and execution of the deed it was agreed between Bolling Baker and complainant that " Baker would accept said land as a residence for himself and family, and in the event he changed his mind and should fail to do so, that he would accept the consideration price therefor, to wit: the sum of $500, and that said land should be reconveyed to your orator upon the payment thereof." The Chancellor made an order April 15, 1882, permitting the amendment "to be filed when sworn to." The solicitor for complainant, on the 6th of November, 1882, attached his affidavit of the truth of the amendment according to his knowledge and belief. On April 17, 1882, the Chancellor refused an in-

junction and granted leave to amend the pleadings.   A decree *pro confesso* was entered by the clerk against the defendants on December 4, 1882, the defendants having failed to plead, answer or demur.   Up to this time the defendants had not entered an appearance.

On January 5, 1883, the Chancellor made an order appointing a special master to take and report testimony.  On May 25, 1883, the defendants, by solicitors, moved to set aside the decree *pro confesso* on the ground that no notice of the amendment of bill had been given to defendants, and the decree was taken without their consent.   The court granted the motion and ordered that defendants be allowed until the first day of July, 1883, to plead, answer or demur to the amended bill.

From this order complainant appealed.

The foregoing exhibits the status of the case at the time the appeal was taken, as we understand the record.

The grounds of the appeal are that defendants did not show any sufficient cause for setting aside the decree *pro confesso ;* that no notice of the amendment of the bill was necessary because no answer had been filed and no copy of bill had been taken out by defendants, and there was no deceit, surprise or irregularity in obtaining the decree, therefore the application to set aside the decree after it had become absolute ought not to have been granted.. Stribling vs. Hart *et al.*, 20 Fla., 235.

Assuming that the complainant had the right under the rules to amend his bill as filed against the defendants in their representative capacity and as heirs at law, by striking out all charges against them in such capacity and inserting the words " in their own right" after their individual names, thus discontinuing the suit as against the representatives of the deceased and continuing it as against the defendants personally, we must agree with appellant

that the defendants were not entitled to have the decree *pro confesso* vacated after it had been of record twenty days, according to our construction of the 45th equity rule, and that the complainant was entitled to such decree as the equities of his bill authorize. Stribling vs. Hart, *supra;* Trustees vs. R. R. Co., 16 Fla., 730.

After the bill was amended as stated the only parties before the court were the complainant and the defendants in their personal capacity, and the bill not charging any fraud, or that any mistake or accident had entered into the transaction, or any other ground of equitable cognizance as to these defendants in respect to the deed sought to be revoked, the complainant was entitled to no decree under his bill. The matter on account of which a decree was sought was an agreement between him and Baker, deceased, and his legal representatives are not parties. As the bill stood before the amendment the representatives were parties, *as such, and as heirs at law,* while the bill charged nothing against defendants in any other right or capacity. If any cause had been alleged for setting aside the deed, not only the defendants, as grantees, named in the deed, but also the legal representatives of Baker, must have been parties. It is Baker's contract that is charged to have been broken.

Under the statements of the bill, if the purchase price of the land conveyed was not paid or otherwise satisfied, and the defendants have no other legal, equitable interest in the property than that stated, it may be that an equitable right exists in the complainant to subject the land as for a balance of the purchase price remaining unpaid.

As no decree could be made in behalf of the complainant upon the bill under the decree *pro confesso,* he has no ground of appeal from the order setting it aside. We can-

not, therefore, reverse the order, but will dismiss the appeal and remand the cause with the direction that the bill be dismissed without prejudice.