FRANK C. ARMSTRONG, VIRGIL G. WILLIS, C. W. CLYATT,
JOSEPH H. KENNEDY AND CHARLES HOWARD, APPELLANTS,
v. THE COUNTY OF MANATEE, THE BOARD OF COMMISSION-
ERS OF THE COUNTY OF MANATEE, AND SAMUEL C. COR-
WIN, J. B. WYATT, HAMLIN V. WHITAKER, M. C. DAVIS
AND ARTEMUS HULL, AS THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF MANATEE, APPELLEES.

1.  To constitute res judicata the adjudication must be upon the
    merits.

2.  A plea of res judicata that does not show that the  former
    decree was on the merits, nor set forth the former plead-
    ings so that the court can say that the  decree  was  or
    might have been decided on the merits,  should be  over-
    ruled.

This case was decided by Division B.

Appeal from the Circuit Court for Manatee County.

The facts in the case are stated in the  opinion of the
Court.

*Langley & Singeltary,* for Appellants.

*Charles C. Whittaker,* for Appellees.

COCKRELL, J.   The appellants,   as   resident   tax
payers  of  the   county   of   Manatee   filed   a   bill
to   enjoin   the   county   from   erecting   a   proposed
combination   jail   and   jailer's   residence,   alleged
to be in excess of the county's needs and  for an expense
too great to be met by the county's authorized resources,
18 S C

which are stated with great particularity of detail. A preliminary injunction was granted by the court commissioner. The defendants filed a demurrer on general grounds and also interposed a plea of *res judicata,* both of which were sustained by the court below and the bill dismissed. The principal contention made here is over the validity of the plea, both parties planting themselves on the case of S. S. Lamb *et al.* v. County of Manatee *et al.,* decided by this court June 16th, 1903, without a written opinion, and as both sides admit that the same principles should apply as if the complainants in the two cases were identical, we feel at liberty to follow counsel in referring freely to the former case, where a like injunction was sought by resident tax payers of Manatee county, and which proceeding is pleaded here as *res judicata.* The plea sets up the former bill, asserts that the rights and interests that were and could have been litigated and determined therein are identical with those now sought to be litigated and determined and then proceeds to aver that the defendant demurred to the former bill and moves to dissolve the injunction issued thereon, the Circuit Court sustained the demurrer, dissolved the injunction and dismissed the bill, all of which acts were sustained by this court on appeal. There is no averment that such adjudication was on the merits, nor are the demurrer and motion set forth so the court can say the decree was or might have been on the merits. We may remark as a matter within the actual knowledge of this court that the former suit was not decided on the merits of the case sought to be presented. but on the technical deficiency of allegations in the bill going to show the inability of the county commissioners to raise sufficient revenues from all legitimate sources wherewith to construct the building, and for this reason alone was the demurrer to the former bill sustained. It is elemen-

tary law that to constitute *res judicata* the adjudication must be upon the merits. and it is needless to cite authority to this point.

The county fails to point out to us any lack of equity in the present bill, nor does such lack appear to us after careful inspection. In the absence of argument by counsel from both sides we think it best to say no more on this aspect of the case.

It follows that the court erred in sustaining the demur-rer and plea and dismissing the bill, and such orders and decree are reversed at the cost of the appellees, and the cause is remanded for further proceedings consistent with equity practice and this opinion.

TAYLOR. P. J.. and HOCKER, J., concur.

WHITFIELD C. J., and CARTER and SHACKLEFORD, JJ., concur in the opinion.