R. A. HENDRICKS, et ux., *Appellants*, v. L. C. STARK, *Appellee*.

En Banc.

Opinion filed February 5, 1930.

278

.R. A. Hendricks, J. Albert Ecke, J. R. B. Clemons, and H. P. Branning, for Appellants;

R. B. Gautier, for Appellee.

ANDREWS, Commissioner:

A bill of complaint was filed January 5, 1927, in the usual form, seeking the foreclosure of a real estate mortgage which secured three promissory notes in equal amounts, aggregating $7,000.00, bearing interest at 8% per annum, payable semi-annually, all dated and delivered November 2, 1925, payable in one, two and three years respectively, given as part payment of the purchase price of a certain described lot with improvements thereon in the City of Miami.

The bill alleges that on August 31, 1926, defendants paid complainant $1,000.00 on the first note, and had paid first semi-annual interest on all notes; that the lot is improved by a six-room two-story residence occupied by defendants.

A demurrer filed by defendants on March 7, 1927, was overruled and their answer was filed May 2, 1927, to which complainant on July 21, 1927, filed a motion to strike from said answer that portion designated as "cross-action" which set up, among other matters, that defendant is entitled to an abatement in the price promised to be paid and to a cancellation of the mortgage and satisfaction of the notes. The court granted the motion to strike, with leave to file "such amended cross-bill as defendant may be advised." On August 4, thereafter, defendants filed their "joint and several answer," ground XVI of which sets up by way of answer, matter similar to that stricken in the first instance, except it alleged more specific facts as to defects in construction of the building at the time of purchase, also, as to failure of complainant to perform certain alleged promises in completing the building.

Among the other matters, ground XI of the answer alleges that on August 31, 1926, about two months before the maturity of the first note, due November 2, 1926, defendants paid $1,000.00 and complainant extended the balance owing on the notes and mortgage, for a period of one year from said November 2, 1926; that except for said agreement of extension, defendants would not have paid the $1,000.00 at that time, and pursuant to said agreement, the said $1,000.00 was accepted by complainant and all payments accordingly extended, and that, therefore, "this suit was instituted prematurely." It is also conceded that there is a residence on the property and that the defendants have been and are occupying it.

The motion of the complainant to strike, sets up, among other grounds that it affirmatively appears from that portion of the amended answer stricken that a part of the alleged consideration for the mortgage was the promise by complainant to perform certain acts in the future, which is not a proper defense to the foreclosure of a purchase money mortgage, especially where it affirmatively appears that defendants are mortgagors in possession under deed with the usual covenants, and that there is no allegation that upon discovery nor at any time prior to the filing of this suit, that defendants notified complainant of their intention to rescind or cancel any of the notes nor the alleged agreement for erection of the building situated on the premises.

The only assignment presented here for review is that the court erred in entering its order on December 30, 1927, granting a motion to strike all of paragraph XVI of the amended answer of the defendants excepting the last two sub-paragraphs thereof.

It is contended by the appellants that the case made by that portion of ground XVI of the answer, stricken, con-

stitutes purely and simply a failure of consideration for the mortgage, and not a case, as maintained by appellee, where a vendee is seeking a rescission of a contract where each party is required under the law to put the other in *status quo.*

In the case of Hitchcolk v. Mortgage Securities Corporation, 95 Fla. 147, 116 So. R. 244, it is held that under our statutes an answer in equity may, without cross bill, set up any set-off or counter-claim against the plaintiff which might be the subject of an independent suit in equity against him. It may be here stated that the matters set up by defendants might be the subject of an independent suit in equity for cancellation of an instrument or rescission of a contract or an independent action at law for damages, if duly brought and not waived by affirmative acquiescence if under the alleged circumstances the defendants are entitled to any relief.

Whatever may have been the rule in this State prior to 1915, when Chapter 6907 was enacted, our courts have held that an answer may be filed in a mortgage foreclosure setting up a defense authorized by that portion of Section 1 of said Act (now Section 4906, Comp. Gen. Laws of Florida 1927), providing:

"The answer must state, in short and simple form, any counter-claim arising out of the transaction which is the subject matter of the suit, and may, without cross-bill, set out any set-off or counter-claim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counter-claim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross-claims."

Section 4908, Comp. Gen. Laws (1927), originally constituting Section 3 of Chapter 6907, Acts of 1915, provides for the testing of the sufficiency of affirmative defenses by motion to strike.

It will be observed that defendants in their answer aver that consideration for the notes and mortgage has failed; that the only consideration for the execution of the notes and mortgage was for a completed building both as to what was already in the building and as to the agreement to complete it; that they are entitled to have the same "cancelled," as they are not indebted to complainant "in any sum whatsoever."

By its allegations the portion of the answer stricken attempts to set up a total failure of consideration and asks for a cancellation of the notes and mortgage sued upon.

Even if it should be conceded that an entire failure of consideration is sufficient ground in equity for the cancellation of a mortgage, the facts alleged do not show an entire failure of consideration, but at most, only a partial failure.

It was also held in the case of Wayne Realty and Investment Company v. Whitten, 90 Fla. 433, 106 So. R. 125, that it is well settled that when a mortgagor is in possession, holding under a deed with full covenant warranting the title, and there has been no eviction, actual or constructive, or anything equivalent thereto, and no fraud or insolvency on the part of the vendor is alleged, the defense of an outstanding title or a breach of covenants cannot be set up to a bill of foreclosure brought by the vendor for his unpaid purchase money. Citing Randall v. Bourgardez, 23 Fla. 264, 2 So. R. 310; Adams v. Fry, 26 Fla. 318, 10 So. R. 559; Payne v. Kemp, 77 Fla. 531, 82 So. R. 53; Peters v. Bowman, 90 U. S. 56, 25 L. Ed. 91, 19 R. C. L. 543; 3 Jones on Mortgages, 7th Ed. 70.

It is stated in 3 Jones on Mortgages (8th Ed.), Section 1891, that "Want of consideration for the mortgage or failure of it is a good defense to it, as between the original parties, but the proof should be as clear and convincing as that required for the reformation of a written instrument." Citing Mayo v. Hughes, *supra*, Otis v. McCaskill, 51 Fla. 516, 41 So. R. 458; Braxton v. Liddon, 49 Fla. 280, 38 So. R. 717.

In a bill seeking the reformation of a written instrument, it must be positively and directly alleged that the representations inducing the execution of the contract were relied on and were false and that the party asking for a reformation did not know their falsity and was misled to his injury. 23 R. C. L. 362.

In the recent case of Brinkley, et ux., v. Arnold, 98 Fla. 166, 123 So. R. 569, where the complainant sought by bill in equity the cancellation of a deed, Mr. Justice ELLIS, speaking for the Court said: "Equity will not order the cancellation of a deed for land, because of failure of consideration. See Marks v. Baker, 20 Fla. 920; Birnabaum v. Solomon, 22 Fla. 610; Harkness v. Fraser, 12 Fla. 336, Harrington v. Rutherford, 38 Fla. 321, 21 So. R. 383. Nor will it cancel a deed because of failure to perform a promise which forms a part of the consideration for the deed. The promise to do something in the future, though made by one party as a representation to enter into a contract will not amount to a fraud in a legal sense. Harrington v. Rutherford, *supra*."

In the case of Harrington v. Rutherford, *supra*, it was held that false assertions must be in regard to "existing facts"; and the non-performance of a mere promise, without fraudulent intent, to do something in the future, in consideration of the execution of a contract, will not be sufficient to authorize its rescission.

It appears from the pleadings that the payment of the $1,000.00 by defendants was made a few days prior to the Miami hurricane (of which disaster the Court will take judicial notice) and about ten months after the execution of the mortgage, sought to be foreclosed; that defendants have been in possession of the property during that time, receiving whatever income and benefits incident to the full ownership of the property. It is not shown that the said payment was made under protest nor on account of any promise of the complainant to do anything other than the alleged promise to extend the time for the payment of the balance of the first note and interest on the total indebtedness.

In 9 C. J. 1198, the following principle is stated:

"Where a party, with knowledge of facts entitling him to rescission of a contract or conveyance afterward, without fraud or duress, ratifies the same, he has no claim to the relief of cancellation. An express ratification is not required in order thus to defeat his remedy; any acts of recognition of the contract as subsisting or any conduct inconsistent with an intention of avoiding it, have the effect of an election to affirm. 'This doctrine seems to rest not upon the principle of a new contract between the parties, nor yet upon the ordinary principle of estoppel in pais, but rather upon a distinct principle of public policy, that all that justice or equity requires for the relief of a party having such cause to impeach a contract is that he should have but one fair opportunity, after full knowledge of his rights, to decide whether he will affirm and take the benefits of the contract, or disaffirm it and demand the consequent redress. Any other rule would be regarded as unjust, even toward the party guilty of the wrong out of which grows the right to rescind'."

It is there also said that the payment of purchase money after knowledge of an alleged fraud on the part of a purchaser is an action recognizing and affirming the contract; and that:

"Receipt of benefits under the contract, or acts of dominion or ownership exercised over the property received under the contract, after knowledge of the ground of rescission, amount to a ratification."

And among other acts of that character is the continued possession and use of the property; the receipt of rents and profits. 9 C. J. 1199, Sec. 79.

One of the most familiar applications of the rule relating to the acceptance of benefits arises in the case of contracts. It has been repeatedly held that a person by the acceptance of benefits may be estopped from questioning the validity and effect of a contract; and where one has an election to ratify or disaffirm a conveyance, he can either claim under or against it, but he cannot do both, and having adopted one course with knowledge of the facts, he cannot afterwards pursue the other. 21 C. J. 1209-10.

In order to work an estoppel, "silence" must be under such circumstances that there are both a specific opportunity, and a real apparent duty, so to speak; or as otherwise expresed: If a man is silent when he ought to speak, equity will debar him from speaking when conscience requires him to keep silent. 10 R. C. L. 692; 1 Wiltsie on Mortgages (4th ed.) 167, Sec. 117.

The damages incident to a calamity, such as the great hurricane of 1926, or the precipitous "slump" in the value of real estate from that of an unprecedented height, could not be interposed as a defense to the foreclosure of a mortgage given during the period of high valuation as part of the purchase price.

Ordinarily there is little or no substantial difference in the grounds alleged to support a suit to rescind a contract and one to cancel; frequently depending as to whether the instrument is recorded in the public records.

In the case at bar, foreclosure proceedings were brought against mortgagors in possession, under deed from mortgagee with full warranty, given to secure balance of the purchase price. It appears that there has been no actual or constructive eviction of mortgagors, and that they have been recipients of all benefits incident to owners in possession; that a partial payment was made on the first note about ten months after delivery and about two months before said note was due, which defendants allege was made in consideration of an extension of payment of the balance of first note and all interest for one year; that the mortgage was given November 2, 1925, and no alleged complaint appears as to the property, price paid or conditions thereof until answer filed on May 2, 1927. It is noted from the pleadings that the part of the answer stricken sets up as a defense a "total failure of consideration." It appears that defendants had ample opportunity to examine all parts of the building completed and in process of construction at time of purchase, also to verify such constructions as were completed after that date.

Some of the facts alleged in the answer might have been set up by defendants by appropriate pleading as constituting a partial failure of consideration, as by way of set-off, recoupment, or counter-claim, entitling the defendants to an abatement *pro tanto* of the balance due on the mortgage debt, especially as to the alleged promised additional improvements or certain items necessary to the completion of the building, which it is alleged were never installed; but the allegations are not sufficient to show a total failure of consideration for the notes and mortgage,

nor sufficient to afford adequate ground for cancellation of the notes and mortgage.

The averments in the answer with reference to defective workmanship and material in the building as it stood at the time of the execution and delivery of the notes and mortgage were not sufficient, because such existing defects if not already waived by purchasing the place, were unquestionably waived upon the payment of the $1,000.00 without any alleged protest, several months after purchase, upon which payment an extension of time is claimed by defendants.

The trial court under the circumstances of this case did not commit error in granting said motion to strike; therefore, the order of the circuit court is hereby affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the order of the Court below should be, and the same is hereby affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.