HOMER A. DAY, *Plaintiff in Error*, v. EARL J. WEADOCK, and MARY LOUISE WEADOCK, his wife, *Defendants in Error*.

140 So. 668.

Division B.

Opinion filed February 17, 1932.

*W. H. Mizell,* of West Palm Beach, for Plaintiff in Error;

*Metcalf, Hiatt & Finch,* of West Palm Beach, for Defendants in Error.

DAVIS, J.—This is a common law suit growing out of the same transaction that was considered and ruled on by this Court in Day v. Weadock, 101 Fla. 333, 134 Sou. Rep. 525. In that case a decree in chancery denying rescission and cancellation of the land sales contract involved was affirmed.

The present action was a suit at law on the promissory

note given by defendant in connection with the land sales contract sought to be rescinded and cancelled in the equity suit. The Circuit Judge held against a plea of *res adjudicata* interposed by defendant, and entered judgment in plaintiff's favor on the note sued on.

In the amended plea of *res adjudicata* to which a demurrer was sustained, the record of the chancery cause was relied on to support the plea, because it appeared thereby that when sued in the chancery cause for rescission and cancellation of the land sales contract, the defendant in that case attempted to set up a claim arising out of, and have a money decree entered against complainant in that suit for, the amounts due on the accompanying note, which relief the Chancellor denied when he dismissed the chancery cause, and denied all relief therein.

The note referred to in the counterclaim in the chancery suit constitutes the cause of action sued on in this suit. While the record in the chancery cause is not made a part of the amended plea of *res adjudicata,* but is only referred to as being an exhibit to the plea in abatement in the same suit, (which plea was later eliminated by the Court) the plea in abatement and an attempted plea of *res adjudicata* were originally filed at the same time, and the record of the chancery cause which was made a part of and attached to the plea in abatement was later by apt words made a part of the amended plea of *res adjudicata.*

The manner of pleading thus adopted was sufficient, because it was not necessary in interposing several different pleas involving the same record, to attach a repetition of that record as an exhibit to each and every separate plea, where a copy of such record had already been attached to, and made a part of, one plea, and was in the later amended plea, fully referred to, adopted and made a part of that plea also, by apt words. See State ex rel. Du Pont Ball Co., v. Livingston, et al., filed at the present term.

Disallowance of the plea of *res adjudicata* must, however, be affirmed on the authority of Tilton v. Horton, 103 Fla. 497, 137 Sou. Rep. 801; Norris v. Eikenberry, 103 Fla. 104, 137 Sou. Rep. 128, and Coral Realty Co. v. Peacock Holding Co., decided at the 1931 June Term, opinion filed December 21, 1931.

The record in the chancery cause which is relied on as *res adjudicata* of the right to recover in the action at law here, does not show any actual judgment by the chancery court as to the same issue here adjudicated. Lake v. Hancock, 38 Fla. 53, 20 Sou. Rep. 811; Armstrong et al. v. Manatee County, 49 Fla. 273, 37 Sou. Rep. 938; Kleinschmidt v. Binzel, 14 Mont. 31, 35 Pac. 460, 43 Am. St. Rep. 604; Whitesell vs. Strickler, 167 Ind. 602; 78 N. E. 845, 119 Am. St. Rep. 524.

It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question involved in the subsequent suit was not only raised but *determined* in the former suit. Russell v. Place, 94 U. S. 606, 24 L. Ed. 214.

Conceding that the plaintiff in error is to be supported in his contention that an actual adjudication of a legal cross demand could have been so made in the chancery suit, that such actual adjudication made there would only have been subject to reversal on direct appeal, and not collateral attack, if erroneous, it does not clearly appear by the plea of *res adjudicata* here considered, that an actual adjudication contrary to the plaintiff's right to recover in this suit, was made by the court in the chancery suit, and therefore the plea was properly eliminated by the court on demurrer.

To have the effect of an adjudication in a chancery suit, of a purely legal cross demand interposed by a defendant in such suit, when the whole equities were determined against complainant in such suit, and his bill of complaint dismissed because not maintainable in equity on the facts alleged or proved, it must at least be made to appear that the chancellor did more than merely deny all relief and dismiss the chancery bill, but that he actually undertook to consider, and did adjudicate, the legal demand on its merits, under such circumstances as would clearly indicate that not only the defendant in the equity suit interposing such legal cross demand, but the complainant as well, waived their right to a jury trial on the legal issue, and submitted their controversy to the chancellor to be determined without a jury, as an incident to disposing of the whole matter in issue.

The foregoing comports with what we have held in the recent cases of Norris vs. Eikenberry, *supra*, and Tilton v. Horton, *supra*, where the right of a defendant to inject by way of cross demand in an equity suit, a purely legal demand, was denied because of the right to a trial by jury which would be defeated unless both parties waived such right, and such waiver appear of record, expressly or by necessary implication.

Affirmed.

WHITFIELD, P.J. AND TERRELL, J., concur.

BUFORD, C.J. AND ELLIS, J., concur in the opinion and judgment.