HUMPHREYS & SONS REALTY COMPANY v. R. T. WATTS, JR., *as Trustee.*

176 So. 489.
Division B.
Opinion Filed October 20, 1937.

*Kearley & Fisher,* for Appellant;
*Metcalf & Finch,* for Appellee.

CHAPMAN, J.—The parties in this opinion will be referred to as they appeared in the lower court as plaintiff and defendant. On June 12, 1936, plaintiff filed in the Circuit Court of Palm Beach County a bill of complaint to foreclose a purchase money mortgage dated May 16, 1932, and filed for record and recorded in Mortgage Book 237 at page 304 in the office of the Clerk of the Circuit Court of Palm Beach County on the 17th day of May, 1932. The deed from mortgagee to defendants is dated October 30, 1931, and recorded on June 1, 1932, in Deed Book 481 at page 346 of the public records of Palm Beach County and is a warranty deed. The bill of complaint is in the usual form and attached thereto is the note and original mortgage identified as Exhibits A and B. The defendants on February 1, 1937, answered the bill of complaint and as a defense thereto urges that on May 1, 1928, there were valid and subsisting municipal liens outstanding, unpaid and encumbering the mortgaged premises in the sum of $1,500.00, with accumulated interest in the additional sum of $583.00 and asserts that the principal and interest for the municipal liens should be permitted as a credit, payment or set-off or otherwise be applied to the amount of the original note and

mortgage sought to be foreclosed, and this defense is asserted under paragraphs 3, 4, 5, 6 and 7 of the answer, with the additional amended answer to the effect that the mortgagee is a non-resident of Florida and service of process cannot be perfected on the plaintiff in a common law action in its effort to recover "violation of the covenants of warranty contained in the warranty deed."

The paragraphs of the answer, *supra,* as well as the amended answer, were stricken by the lower court on motion of solicitors for plaintiff and from this order dated April 21, 1937, an appeal is made and this order is assigned as error.

The brief for defendants contains the following:

"The defense of this case does not rest upon the existence of insolvency, fraud or misrepresentation, but it is earnestly contended that the non-residence of the mortgagee and the averment that there is no person in the State of Florida, service of process upon whom would be binding upon the mortgagee, is as strong a support for a limitation of the rule as is insolvency."

The authorities controlling the point in question do not sustain the contention on the part of counsel for defendant. This question has been settled by an unbroken line of authorities for many years. In the case of Paine v. Kemp, 77 Fla. 531, 82 Sou. Rep. 53, the Court, speaking through Mr. Justice ELLIS, said:

"The rule announced in the Bourgardez case, and which may be deemed to be settled, is that in foreclosure suits in Chancery a mortgagor in possession under a deed from the mortgagee with full warranty of title, where there has been no eviction, actual or constructive, or fraud on insolvency on the part of the mortgagee, cannot set up an outstanding

title or breach of covenants as a defense to a bill to foreclose for unpaid purchase money."

This last case has been cited with approval by this Court in the following cases: Hendricks v. Stark, 99 Fla. 277, 126 Sou. Rep. 293, and Carter v. Gilbert, 99 Fla. 1056, 128 Sou. Rep. 250. The same principle was involved and adhered to by this Court in the following cases: Tilton v. Horton, 103 Fla. 497, 137 Sou. Rep. 801; Norris v. Eikenberry, 103 Fla. 104, 137 Sou. Rep. 128; Day v. Weadock, 104 Fla. 251, 140 Sou. Rep. 668; Randall v. Bourgardez, 23 Fla. 264, 2 Sou. Rep. 310, 11 Am. St. Rep. 379; Adams v. Fry, 29 Fla. 318, 10 Sou. Rep. 559; Camp Lumber Co. v. State Savings Bank, 59 Fla. 455, 51 Sou. Rep. 543.

The order appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.