Monira C. Knapp, Appellant, v. Wm. L. Fredricksen, Appellee.

1 So. (2nd) 181
Special Division B
Opinion Filed February 25, 1941
Rehearing Denied March 27, 1941

*Carroll Dunscombe,* for Appellant;

*Arthur R. Clonts* and *Harry F. Dyer,* for Appellee.

Chapman, J.—On November 21, 1939, Wm. L. Fredricksen filed in the Circuit Court of Martin County a bill in chancery, praying for the foreclosure of a purchase price mortgage. The mortgage and five notes were dated August 1, 1935, and given to the Stuart Development Company to secure the payment of the balance due on the purchase price of real estate described in the mortgage. The notes matured one, two, three, four and five years, respectively, from and after August 1, 1935. .

On March 1, 1938, certain named individuals, as trustees and directors of the Stuart Development Company, a cor-

poration, assigned and transferred the five notes and mortgage securing the same, for value received, to the plaintiff, Wm. L. Fredricksen. The bill to foreclose was in the usual form and attached thereto were copies of the notes, mortgage and the instrument transferring and assigning the same from the Stuart Development Co. to the plaintiff Fredricksen. A motion to dismiss the bill of complaint for the want of equity and other enumerated grounds, was filed by the defendants but the same was overruled and denied by the lower court on January 9, 1940.

On January 13, 1940, the defendants, through counsel, filed an answer to the bill of complaint, in which many of the material allegations of the bill were confessed, traversed, answered or denied. There was filed simultaneously with the answer of the defendants a counter claim in which it was alleged that the warranty deed conveying the land described in the bill of complaint was not executed and delivered by the Stuart Development Co., but by the trustees of the Stuart Development Co., and for this reason a merchantable title was not conveyed and the mortgage should not be foreclosed but such money as had been paid by the defendants should be returned; that the defendants were unable to sell the lands or to obtain a loan thereon because of the alleged defective title so conveyed. Attached to the counter claim were a number of exhibits, inclusive of copies of the record in the case of Green, *et al.*, v. Fredrickson, decided by this Court and reported in 139 Fla. 862, 191 So. 14.

After the institution of the foreclosure suit and before the entry of the final decree, Richard H. Knapp died and the foreclosure was continued against Monira C. Knapp, wife of Richard H. Knapp. On April 5, 1940, the lower court decreed that the Stuart Development Co. had been restored to all of its legal rights as an active Florida corporation.

An answer was filed to the amended bill of complaint by Monira C. Knapp. On June 3, 1940, the chancellor below entered an order sustaining a motion to strike the counter claim of the defendants.

Testimony on the issues made was heard in open court by the chancellor, when the notes and mortgages were offered in evidence. Testimony was adduced to the effect that the unpaid notes represented the balance due on the purchase price of the land described in the mortgage; that the plaintiff was the owner and that Mrs Knapp paid some of the interest due on the notes. Honorable Walker Liddon, an attorney at law, testified that the sum of $400.00 was a reasonable sum to be allowed the plaintiffs as an attorney's fee for the foreclosure of the said mortgage. Certain objections to the capacity of the Stuart Development Co. to convey a good title were advanced. Mrs. Knapp and husband went into possession of the land under a deed from the Stuart Development Co., or its trustees, and the record shows that she had never been molested by any one after taking over the property. She was never ousted from the possession of the property.

One of the excuses assigned for the non payment of the notes and mortgage was that one Green held a first mortgage on the land conveyed to her and involved in the case at bar. The record does not sustain this contention, because the Green mortgage was cancelled as to the mortgaged premises by a decree of the court dated January 28, 1938, and the said decree was affirmed by this Court on appeal. See Green, *et al.*, v. Fredrickson, *et al.*, 139 Fla. 862, 191 So. 14. The lower court found the equities of the cause with the plaintiff below. We are unable, after a careful consideration of each ground made by counsel for appellant for a reversal of the final decree, to find error in the record. The testimony brings the appellant here within the well estab-

lished rule that a mortgagor in possession of mortgaged property under a deed with full warranty of title, where there has been no eviction, actual or constructive, or fraud or insolvency on the part of the mortgagee, the mortgagor cannot set up an outstanding title or breach of covenant as a defense to a bill to foreclose for unpaid purchase money. See Humphreys & Sons Realty Co. v. Watts, 129 Fla. 477, 176 So. 489; Hendricks v. Stark, 99 Fla. 277, 126 Sou. Rep. 293; Carter v. Gilbert, 99 Fla. 1056, 128 Sou. Rep. 250; Tilton v. Horton, 103 Fla. 497, 137 Sou. Rep. 801; Norris v. Eikenberry, 103 Fla. 104, 137 Sou. Rep. 128; Day v. Weadock, 104 Fla. 251, 140 Sou. Rep. 668; Randall v. Bourgardez, 23 Fla. 264, 2 Sou. Rep. 310, 11 Am. St. Rep. 279; Adams v. Fry, 29 Fla. 318, 10 Sou. Rep. 559; Camp Lumber Co. v. State Savings Bank, 59 Fla. 455, 51 Sou. Rep. 543.

We have been unable to find error in the record. The burden rests on appellant to make error clearly to appear. The decree appealed from is hereby affirmed.

Brown, C. J., Whitfield and Terrell, J. J., concur.