TERRELL, Justice.
In May 1951, F. C. Stock, the owner of Fort Myers Hardware Company, sold all his interest or stock in the ’ corporation to D. T. Jardine and his wife Gertrude Jar-dine, taking their note and purchase money mortgage to secure a portion of the purchase price of the stock. In June 1951, D. M. Harpold purchased the stock from Jar-dine, agreed to pay Stock’s note and mortgage on condition that Stock take Har-pold’s note for $29,688.37, secured by the same mortgage. This agreement was concluded June 8, 1951, and Harpold took charge of the business.
After operating the business for several months, Harpold became dissatisfied and after some negotiations he and Stock entered into a new agreement whereby: (1) Harpold and wife released Stock and wife from all claim on their former obligation, (2) the business to be liquidated, one-half the proceeds from sale paid to Stock and the other half retained by the Fort Myers Hardware Company until the inventory is reduced to $25,000, after which Stock would be paid seventy-five per cent of the daily receipts. -The liquidation was completed in April, 1952. Prior to March 24th, Stock was paid on principal and interest $9,749.98. No further amounts were paid so Stock was due a balance of $13,079.12 on his note. The result of the liquidation agreement released and sold Stock’s mortgage security and a' large portion of the proceeds were retained by Harpold.
*478 April 4, 1952, after liquidation,- Harpold brought suit against Stock, alleging, among other things, that while Stock owned the hardware business he was interested in its sale and made certain representations to Harpold which were false and fraudulent. He claimed damages in the sum of $40,000. April 22, 1952, Stock filed suit against Fort Myers Hardware Company and Harpold on the note given to Stock, claiming the balance of $13,079.12 on principal with interest, costs and attorneys fees. Harpold proferred his answer and counterclaim, setting up the same defense as he offered for recovery in his original suit. In both cases Stock moved for summary judgment on the theory that the release executed by Harpold to Stock disposed of all prior claims and that the agreement of February 11, 1952, waived any right to claim fraud. In opposition to the motion for summary judgment, Harpold filed a lengthy affidavit in which he reviewed the transaction as heretofore detailed and contended that his release was without consideration and of no effect. Final judgment was entered for Stock in both cases and these appeals were prosecuted.
The point for determination is whether or not there was error in the final decree. In other words, after executing the agreement of February 11, 1952, and liquidating the business, is Harpold in position to claim damages for fraud or to interpose set-off in a suit against Stock?
Harpold contends that he received no benefit from the agreement of February 11, 1952, or the liquidation that flowed from it, that he got no concession from it and that there was no intention to waive fraud. The record however, shows to the contrary. We do not detail the figures to reveal the amount of benefits that flowed to Harpold, but the net result was that he received more than $9,749.98, and that Stock not only lost his security, but was still due $13,079.12 on the transaction.
Harpold conducted the business from June 1951 to February 11, 1952, when he executed the new agreement, und.er which he and his company received large sums of money and concessions resulting from the liquidation. None of this money and concessions would have passed to him except for the new agreement. It was a compromise of existing differences between Harpold and Stock and the former executed a full release to the latter. There can be.no basis for an action on fraud under such circumstances. This court and the courts generally hold that the execution of a new contract respecting -a former transaction waives any claim based on. fraud. Hurner v. Mutual Bankers Corp., 140 Fla. 435, 191 So. 831; Storrs v. Storrs, 130 Fla. 711, 178 So. 841; Burne v. Lee, 156 Cal. 221, 104 P. 438; Phillips Petroleum Co. v. Rau Const. Co., 8 Cir., 130 F.2d 499.
It is accordingly our view that Harpold waived any right he may have had to an action based on fraud or to interpose such a defense on the note, so the decree appealed from in both cases must be and is hereby affirmed. There is a motion by appellees to be awarded additional attorneys fees but we find no basis and are cited to none that would warrant granting them.
Affirmed.
ROBERTS, C. J., and THOMAS and SEBRING, JJ., concur.