111 So.2d 290 (1959)
Harry TOFFEL, Trustee, Appellant,
v.
Harold P. BAUGHER and Ruth D. Baugher, husband and wife, Kenneth L. Baugher and Kathryn L. Baugher, husband and wife, Appellees.
No. 776.
District Court of Appeal of Florida. Second District.
April 15, 1959.
Rehearing Denied May 13, 1959.
Pallot, Silver & Mulloy, Miami, for appellant.
Lewis E. Purvis and Sumter Leitner, Arcadia, for appellee.
TERRY B. PATTERSON, Associate Judge.
The plaintiff exhibited his bill of complaint in the Circuit Court of DeSoto County *291 praying the rescission and cancellation of a purchase and sale of a large tract of land in DeSoto County in 1956, between the plaintiff as purchaser and the defendants as sellers.
The bill alleges that the defendants represented to the plaintiff that the tract involved had a frontage of approximately three and one-half miles on Peace River and exhibited to plaintiff a plat of the U.S. Government survey of the lands involved showing such frontage. The bill further alleges that according to a more recent U.S. Government survey filed of record in DeSoto County after the said purchase by plaintiff, the said described lands do not border on Peace River but that contrary to the defendants' representations and contrary to the prior plat of Government survey in contemplation of which the parties dealt there exists a strip of government lands lying between the river and the lands described thus isolating the lands purchased from the river and destroying the value of the lands for uses for which the lands were purchased.
The bill further alleges that the plaintiff has filed in the same court a suit to quiet plaintiffs' title to the strip of river frontage intervening between the river and the lands described in the purchase and that such suit is still pending.
The bill prays for a stay of any attempt to foreclose defendants' purchase money mortgage pending the outcome of the suit to quiet title and for rescission and cancellation of the purchase and sale, or in the alternative for damages for misrepresentation.
The defendants filed motion to dismiss for failure to state a cause of action and attached thereto their affidavit setting out an exchange of correspondence between the parties purporting to show that the plaintiff had ratified the purchase after knowledge of the mistake in the situation of the lands with relation to Peace River. The order on the motion recites that the affidavit was considered by the Court with consent of plaintiff's counsel.
The order appealed from is the order of the Court dismissing the complaint with prejudice. In its order of dismissal the Court made the finding of fact, based upon the mentioned affidavit, that the plaintiff had in fact, after notice and knowledge of the resurvey of the lands and their status as revealed thereby, ratified and confirmed the purchase and sale and had thereby waived the right to rescission.
Appellant now complains that the Court erred in deciding the defense of ratification and waiver on motion.
The defense of ratification and waiver is an affirmative defense and is required by rule 1.8(d), Florida Rules of Civil Procedure, 30 F.S.A. to be set up on the answer. It is not available upon a motion to dismiss on the ground of failure to state a cause of action. However it affirmatively appears from the record of this case that the question of ratification and waiver as a question of fact was submitted to the Court by consent of counsel for the parties on the basis of the correspondence contained in the questioned affidavit. Having consented to the departure from the requirement of the rule and having consented that the Court decide the law of the case in the manner shown, the plaintiff may not now be heard to complain because the result is adverse to him. We hold the ruling to be correct on the basis of the facts presented in the manner and procedure consented to by plaintiff's then counsel. Ratification consists of an act which indicates an intention, with full knowledge of one's rights, to affirm and take the benefits of a contract and an intention to waive a right to disaffirm it and demand consequent redress. Hendricks v. Stark, 99 Fla. 277, 126 So. 293; Columbus Hotel Corporation, v. Hotel Management Co., 116 Fla. 464, 156 So. 893; Rood Company, Inc. v. Board of Public Instruction of Dade County, Fla., 102 So.2d 139.
*292 Appellant further urges that the dismissal is in error in that it is with prejudice and thus precludes an action at law for damages for misrepresentation. We think this contention is well taken. The fact that plaintiff's right to rescission has been waived does not affect whatever action he may have at law for damages. So much of the order as provides that the dismissal is with prejudice is reversed. The cause is remanded for entry of an order of dismissal without prejudice to plaintiff's right to bring such action for damages as he shall be advised.
Affirmed in part and reversed in part.
KANNER, C.J., and ALLEN, J., concur.