CARROLL, Judge.
Suit was filed by the guardian of an incompetent to cancel a deed the latter had given to Cora F. Raymond. From a final decree in favor of the defendant, the plaintiff appealed.
The complaint alleged appointment of a guardian of the person and property of the incompetent Mary G. Brion on August 26, 1958; that Mary Brion’s husband had died in 1952 and she had then become the owner of their homestead property; that she then was 78 years of age (her husband was 83) ; that in April of 1954 Mary Brion deeded the property to the defendant Cora F. Raymond, retaining a life estate; that the defendant was Mary Brion’s friend, confidant and “trusted adviser” and had obtained the deed under “coercion and undue influence.” The complaint also charged the transfer was without value and alleged the property was worth $15,000 and the consideration given only $15. In addition, it was alleged that Mary Brion was incompetent at the time of the conveyance and that her incapacity was known to the defendant. The complaint showed that after the conveyance the defendant borrowed $5,-000 on the property on a note made by the two of them to a savings and loan association and secured by a mortgage on the property. It was alleged that the defendant had used the proceeds for her own use and an accounting thereof was demanded along with a prayer for cancellation of the deed.
The defendant’s answer denied the allegations and averred a long period of friendship, association and service to Mary Brion; that Mary Brion was physically well, mentally alert and competent when she made the conveyance in question, and that the deed was intentionally given in consideration for services rendered; that the mortgage was made at a time when Mary Brion was fully competent and for the purpose of repairs and improvements on the property, and that the proceeds of the loan had been applied to the intended purposes.
In the final decree by which the suit was dismissed the chancellor made the following findings:
“On April 19, 1954, when the deed from Mary G. Brion to Cora F. Raymond was executed by the grantor, which is the subject matter of this suit, said grantor, Mary G. Brion, was capable of transacting ordinary business affairs in which her interests were involved, and on that date, April 19, 1954, said Mary G. Brion was capable of understanding in a reasonable manner the nature and effect of her act of executing, acknowledging and delivering said deed to defendant, Cora F. Raymond, and did so understand, and did know what she was doing.
“The integrity of the aforesaid transaction whereby Mary G. Brion, on April 19, 1954, made, executed and delivered the said deed to Cora F. Raymond, which is the subject matter of this suit, was never impeached by the evidence, and the validity of said deed, dated April 19, 1954, made by Mary G. Brion to Cora F. Raymond, and recorded in Book 3908, at page 497 and 498 of the Public Records of Dade County, Florida, is fully established by the testimony and evidence in the record in this cause.
“The aforesaid warranty deed from Mary G. Brion to Cora F. Raymond, dated April 19, 1954, and of record in Book 3908, at pages 497 and 498, Public Records of Dade County, Florida, is a good and sufficient and valid deed of conveyance by Mary G. Brion to Cora F. Raymond of the title of said Mary G. Brion in and to the property being, lying and situate in Dade County, Florida, described as follows:
“Lot twenty (20), in Block 3, Section One of El Portal, according to the Plat thereof, recorded in Plat Book 9, at page 101, of the Public Records of Dade County, Florida;
reserving therein and thereby a life estate in said property in the said Mary G. Brion.
*509 “Defendant has fully accounted, as shown by her testimony and proofs admitted in evidence herein, for all moneys belonging to Mary G. Brion which defendant has received and disbursed, owes Mary G. Brion nothing, and has spent $862.40 of her own money on and for the maintenance and upkeep of the property described in the aforesaid deed dated April 19, 1954, wherein Mary G. Brion is grantor and Cora F. Raymond is grantee, including payment of mortgage indebtedness thereon.”
On this appeal appellants argue that the court’s decree against cancelling the deed is unsupported on the evidence and that the evidence called for a contrary conclusion. The appellant challenged the accounting and contended the fee of $250 allowed the special master, who heard a part of the evidence and who made findings of fact thereon, was excessive. On consideration of the record and with the benefit of argument of counsel and the briefs we conclude that the chancellor was eminently correct in dismissing the cause, and that the decree should be affirmed.
Conceding in favor of Mary Brion the presumption against validity of such a transfer, which arose upon the showing of the relative positions of the parties, including the trust and confidence reposed by Mary Brion in the defendant,[1] the evidence adequately supports the conclusions thereon as reached by the able chancellor. On this record the chancellor was entitled to find Mary Brion not incompetent when she made the deed, and that she voluntarily chose to deed the property subject to a life estate as a transaction for her benefit combined with a previously expressed desire to reward or thus favor the defendant. Mary Brion’s joining with the defendant in making a mortgage on the premises, after she had conveyed the property to the defendant subject to a life estate, amounted to a recognition and affirmance of the transaction, assuming Mary Brion’s competency at the time.[2] No error was demonstrated in the court’s decision with reference to the accounting, and it has not been made to appear that the challenged master’s fee was excessive so as to be an abuse of discretion.
Affirmed.

. See Murrey v. Barnett National Bank of Jacksonville, Fla.1954, 74 So.2d 647; Marquette v. Hathaway, Fla.1954, 76 So. 2d 648; 11 Fla.Jur., Duress and Undue Influence, § 15.

. Cf. Hendricks v. Stark, 99 Fla. 277, 126 So. 293, 296-97; Harpold v. Stock, Fla. 1953, 65 So.2d 477; Annot. 7 A.L.R.2d 294 (1949); 14 Fla.Jur., Fraud and Deceit, § 59.