PER CURIAM.
The appellants were defendants in the trial court. This appeal is from a final decree which dismissed appellants’ amended counterclaim before trial. Upon stipulation of counsel, all appellees except Airlift International, Inc. and John Paul Riddle were dismissed as parties to this appeal. The gravamen of the amended counterclaim was an allegation that, as between these parties, certain agreements were invalid because the appellants had been induced to enter into the agreements by fraudulent representations.
The chancellor found that the amended counterclaim failed to state a cause of action for several reasons. The appellants do not question the propriety of this ruling. They contend that the dismissal should have been without prejudice because the amended counterclaim does not show, within the four corners of the pleading, that they could not state a cause of action. The trial judge’s opinion states:
“The universal general rule is that when a party claiming to have been defrauded enters, after discovery of the fraud, into new arrangements concerning the subject matter of the contract to which the fraud applies, he is deemed to have waived any claim on account of the fraud; and he can neither rescind, nor maintain an action for damages. Bonded Adjustment Co. v. Anderson [186 Wash. 226], 57 P.2d 1046, 106 A.L.R. 166.
“The controlling general principle is stated in 24 Am.Jur. Fraud and Deceit, Section 214, as follows:
“The party defrauded must stand toward the other party at arm’s length, must comply with the terms of the contract on his part, must not ask favors of the other party or offer to perform the contract on conditions which he has no right to exact, and must not make any new agreement or engagement respecting it. If he does so, he waives the fraud. It is the general rule that if one induced by misrepresentations or fraud to deal * * * or enter into a contract * * * thereafter, with knowledge of the deception, receives from the party guilty of fraud some substantial concession or enters into a new contract in respect to the transaction, he thereby relinquishes all right to recover or recoup damages because of the misrepresentations * * * ’
* * * * * *
“In Padgett v. Lewis, 54 Fla. 177, 45 So. 29, the Supreme Court of Florida held that one who gives a note in renewal of another note, with knowledge at the time of false representations by the payee, waives such defense, and cannot set it up to defeat a recovery on the renewal note; and where one giving such renewal note either had knowledge of such facts and circumstances, or by the exercise of ordinary diligence could have discovered them and ascertained his rights, it became his duty to make such inquiry and investigation before executing the renewal note, and if he fails so to do he is as much bound as if he had actual knowledge thereof. In that case the renewal note sought to be avoided by charges of fraud. *551 was executed six and a half months after the original note. The Court said:
‘ * * '* Would this not seem to he ample time for the defendants to have discovered all the facts and circumstances which are set out in the plea, and to have ascertained what their rights were in the premises? If they did not discover such facts and circumstances, and ascertain their rights, they could have done so with ordinary diligence, and it was their duty so to do. It must be assumed, then, that they either knew of these matters at the time of the renewal of the note, or that they could have readily ascertained them. It is well settled here that any pleading must be most strictly construed against the pleader thereof. * * ’
“In Harpold v. Stock, 65 So.2d 477 (Fla.1953), an action on a note given to plaintiff by defendant for purchase of stock in a corporation wherein the defendant counterclaimed for damages for false and fraudulent representations in the sale of the stock, the Supreme Court of Florida held that the execution of a new contract respecting a former transaction waives any claim based on fraud. The Court said:
‘ * * * This court and the courts generally hold that the execution of a new contract respecting a former transaction waives any claim based on fraud. Hurner v. Mutual Bankers Corp., 140 Fla. 435, 191 So. 831; Storrs v. Storrs, 130 Fla. 711, 178 So. 841; Burne v. Lee, 156 Cal. 221, 104 P. 438; Phillips Petroleum Co. v. Rau Const. Co., 8 Cir., 130 F.2d 499.’
“And in Benn v. Key West Propane Gas Corp., 72 So.2d 910 (Fla.1954), a suit in equity for rescission and cancellation of a contract involving corporate stock, the Supreme Court of Florida said:
‘We have carefully analyzed the allegations of the very long complaint in this cause and find that the case presented, taken in the light most favorable to the purchasers, is much weaker than any of the cases which we have cited herein and on which we held rescission and cancellation was not warranted. When the purchasers discovered the alleged false and fraudulent representations, it was their duty promptly to take affirmative action in the matter. In the beginning and before the agreement to purchase was entered into they may have been satisfied to have purchased the plant even had they known the existence of the true facts. When the purchasers learned these facts and failed to take action to protect themselves, their silence and inaction amounted to a waiver. * * *
‘Moreover, even if the remedy of rescission and cancellation had been available to the purchasers when the new negotiations took place, the new contract was a waiver of any claim based on the previous fraud. Harpold v. Stock, Fla.1953, 65 So.2d 477. It is also quite apparent from the record that the position of the parties as they existed prior to the contract could not be restored. It is seldom that equity will grant rescission and cancellation under such conditions. See Steak House, Inc. v. Barnett, Fla.1953, 65 So.2d 736.’
“Under the foregoing principles of law, the amended counterclaim fails to state a cause of action for rescission of the contracts sued upon, or for damages, based upon fraud and deceit. The uncontro-verted facts and circumstances are insufficient as a matter of law.”
The ground quoted not only indicates a failure to state a cause of action, but that no action exists. Inasmuch as the appellant has failed to show that the ground quoted is inadequate, the decree is affirmed.
Affirmed.