577 F.2d 948
 Cecil HACKETT and Charlotte Hackett, Plaintiffs-Appellants,
v.
REYNOLDS & COMPANY and its successor, Reynolds Securities
Inc., a New York Corporation, Defendants-Appellees.
 No. 76-3498.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 4, 1978.
 
 Edna L. Caruso, Robert M. Montgomery, Jr., West Palm Beach, Fla., for plaintiffs-appellants.
 James L. Armstrong III, Miami, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before GEWIN, GODBOLD and MORGAN, Circuit Judges.
 LEWIS R. MORGAN, Circuit Judge:
 
 
 1
 In this diversity case, appellant seeks to overturn an order granting defendant's motion for a directed verdict. Because we conclude that the motion was erroneously granted, we reverse and remand for further proceedings.
 
 
 2
 Appellants, Cecil and Charlotte Hackett, filed this action against Reynolds Securities seeking damages for the negligent handling of their stock accounts. Specifically, the Hacketts contend that the wrongful actions of Reynolds' employee, Roger Vasselais, and the failure of Reynolds to properly supervise and control Vasselais, resulted in net losses exceeding $3.5 million. Defendants responded that the Hacketts had ratified the transactions in question and further that any recovery was barred by estoppel. Arguing that the Hacketts continually received confirmation slips concerning all of the transactions and thus were aware of the state of the accounts, defendants assert that Hackett's failure to seasonably complain or object bars any recovery. At the close of the plaintiff's evidence, the trial judge directed a verdict for defendant on three grounds: (1) the Hacketts had failed to establish that Vasselais had engaged in fraud, self-dealing, or overreaching; (2) the Hacketts had ratified every transaction; and (3) the Hacketts were barred by estoppel.
 
 
 3
 When reviewing an appeal from a directed verdict, this court applies the standard established in Boeing Company v. Shipman, 411 F.2d 365 (5th Cir. 1969), in which an en banc court held:
 
 
 4
 On motions for directed verdict . . . the Court should consider all of the evidence not just that evidence which supports the non-mover's case but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.
 
 
 5
 411 F.2d at 374.
 
 
 6
 With this standard in mind, we examine the facts of this case. With respect to the finding that the plaintiffs had failed to establish fraud, self-dealing, and overreaching, the record reveals several facts from which misconduct may reasonably be inferred. Vasselais handled the Hackett account on a discretionary basis, a practice contrary to rules established by his employer. This could indicate a failure by Reynolds to supervise their brokers as closely as required by the fiduciary duty owed to Reynolds' customers. Vasselais, ignoring instructions from Hackett to invest in growth stocks and to avoid speculative issues, continually purchased stocks which were somewhat less than blue chip. Appellants presented evidence indicating that Vasselais had recommended and purchased particular issues for the plaintiffs, while selling from his personal account stock in the same corporations. Finally, notwithstanding notice of the deteriorating condition of the Hackett's accounts, supervisory personnel at Reynolds made only cursory inquiries into Vasselais' activities. These activities certainly provided an opportunity for abuse, and a reasonable jury could infer from plaintiff's evidence that Vasselais did in fact abuse his position. We agree with plaintiffs that directed verdict was improperly granted on the first question.
 
 
 7
 The trial court also sustained two affirmative defenses raised by defendant. With respect to the defense of ratification, we note simply that Florida law requires that an individual intent to ratify the acts in question, Toffel v. Baugher, 111 So.2d 290 (Fla.App.1959), and that questions of intent are generally questions for the jury. The need for jury determination is particularly strong in this case because there is evidence that Hackett, rather than manifesting an intention to be bound, complained or attempted to complain on several occasions. Although Vasselais was able to brush aside the objections, that does not suffice to demonstrate Hackett's intent to be bound. The evidence does not permit the conclusion that, as a matter of law, the Hacketts ratified each transaction.
 
 
 8
 Finally, the trial court held that plaintiffs were estopped because they had received all relevant information, yet had failed to seasonably complain. Apparently, the substantive basis for that ruling was Hayden, Stone, Inc. v. Brown, 218 So.2d 230 (Fla.App.1969), in which an action by a dissatisfied customer against his brokers for alleged "churning" and other improper activities was held to be barred. In that case, the court emphasized that the plaintiff received all pertinent information and that the plaintiff had expertise in the investment business. These factors combined to give the customer a detailed understanding of the transactions in question, and this understanding carried with it a duty to voice possible objections concerning the handling of the account. The failure to object permitted the brokers to assume that their handling of the account was satisfactory. Although it is not clear whether the Hayden, Stone court relied on a waiver theory or on an estoppel theory, it is clear that its holding requires three elements: (1) complete information; (2) the expertise necessary to permit clear understanding of the information; (3) the failure to complain. See also Gordon v. duPont Glore Forgan Inc., 487 F.2d 1260 (5th Cir. 1973). In this case, the Hacketts contend that they did not receive information sufficient to apprise them of the overall state of their accounts. However, in any event, the information possessed by Hackett, and his ability to synthesize that information are significant only if he failed to alert Vasselais of his concerns. The record reflects that on several occasions, Hackett contacted Vasselais to express doubts about various transactions. Viewing that testimony in the light most favorable to the Hacketts, a reasonable jury could infer that these expressions of concern were sufficient to apprise Vasselais of Hackett's dissatisfaction. That testimony alone is sufficient to distinguish this case from Hayden, Stone, and should have been sufficient to avoid the directed verdict.
 
 
 9
 We conclude that plaintiff's evidence provides an ample basis from which a jury could reasonably conclude that Vasselais engaged in the activities alleged, that Reynolds did not adequately supervise Vasselais, and that Hackett neither ratified nor failed to seasonably object to Vasselais' actions. Accordingly, the judgment is reversed and the case is remanded.