ROBERT P. SMITH, Jr., Judge.
Dragstrem appeals from a final summary judgment of foreclosure, holding that the purchase money mortgage held by Butts, the seller and mortgagee, is a lien on Drag-strem’s land to the extent of unpaid principal and interest, together with fees and costs, due under the mortgage note, and ordering the property sold' to satisfy the lien. This property was the subject of related fraud litigation, ended adversely to Dragstrem, by Butts v. Dragstrem, 349 So.2d 1205 (Fla. 1st DCA 1977), cert. den., 361 So.2d 831 (1978).
The court did not err in considering the motion for summary judgment while Drag-strem’s motion to dismiss was pending and before he answered. Fla.R.Civ.P. 1.510(a). But it appears from the irregular “response” and affidavit filed by Dragstrem opposing the summary judgment motion that Dragstrem may have, and be able to plead and prove, a right to set off against the mortgage note indebtedness the damages he says he sustained as the result of Butts’ breach of a warranty of title, in the deed of conveyance, as a result of which Dragstrem was disabled to consummate a sale of the land to a third party buyer. While a breach of a warranty of title by the *368 seller-mortgagee is not as such a complete defense to foreclosure, absent eviction of the mortgagor or actionable fraud by the mortgagee, the damages sustained by the mortgagor resulting from the breach may be set off against or recouped from the outstanding mortgage debt. Adams v. Fry, 29 Fla. 318, 10 So. 559 (1892); Johnson v. Green, 54 So.2d 44 (Fla.1951); Coy v. Downie, 14 Fla. 544 (1874); Etter v. State Bank of Florida, 76 Fla. 203, 79 So. 724 (1918); 3 Jones, Mortgages, Section 1906 (8th ed. 1928); Hendricks v. Stark, 99 Fla. 277, 126 So. 293 (1930). In keeping with the usual strictures against summary judgments, none should have been entered unless and until Butts demonstrated that there was no genuine issue as to the material facts asserted by Dragstrem on the record and that Butts was entitled to judgment as a matter of law. Dragstrem should have been allowed to attempt a pleading of his partial defense, or set-off, for breach of a warranty of title.
REVERSED.
MILLS, C. J., and SHIVERS, J., concur.